## UNITED STATES v. E. I. DU PONT DE NEMOURS & CO.
### Civil Action No. 5017—47.

United States District Court
District of Columbia.
April 1, 1949.

John Lord O'Brian and Gerhard A. Gesell, both of Washington, D. C., for defendant, for the motion.

James L. Minicus, of Washington, D. C., for plaintiff, opposed.

HOLTZOFF, District Judge.

This is a civil action brought by the United States for an injunction against E. I. du Pont de Nemours and Company, to restrain the defendant from continuing certain alleged violations of the anti-trust laws. The activities of which the Government complains are claimed to consist of attempts to monopolize trade and commerce in cellophane. The defendant moves for a change of venue to the District of Delaware.

The motion is made under Section 1404(a) of Title 28 U.S.C.A. which became effective on September 1, 1948, and reads as follows:

"§ 1404. Change of venue.

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This provision introduced a new principle into Federal judicial procedure. It is a comprehensive, general statute applicable to all civil actions without exception. The innovation is salutary, as it enables the courts to make desirable adjustments as to places of trial, and puts plaintiffs and defendants more nearly on a plane of equality in those situations in which an action may be brought in any one of several districts. Previously, the final choice of the jurisdiction lay entirely with the plaintiff. This result obviously involved an element of unfairness, which the new statute endeavors to meet.

■■ Manifestly, the general provision relating to change of place of trial, does not affect, and in turn is not restricted or limited by, any statutes relating to venue—either general venue statutes or special

statutory provisions relating to venue in actions of specified types. The new provision assumes that the action has been filed in a jurisdiction where venue may be properly laid, for if it has not been so brought, it is subject to dismissal. The new statute assumes that the action has been instituted in a proper district, and grants to the court discretion to change the place of trial to some other district in which the action might have been originally commenced. In other words, the statute assumes that venue exists where suit is filed. The new provision begins where the venue statutes leave off, and empowers the court to change the venue. It seems clear that there is no basis for excepting Government antitrust actions from the purview of the new statute, as obviously the Congress intended that it should be comprehensive and all inclusive in its scope. United States v. National City Lines, D.C., 80 F.Supp. 734.

There is only one defendant in this action. It is a corporation organized under the laws of the State of Delaware. Its principal executive and business offices are located in Wilmington, Delaware. The activities challenged by the Government are within the purview of the so-called "rayon department" of the defendant. The administrative and executive offices of this department are likewise located at Wilmington, as are the defendant's main offices. The defendant's plants are maintained in Delaware as well as in several other States, but none is located in the District of Columbia. The defendant does not manufacture any cellophane in Washington. The defendant does transact some business in the District of Columbia, and is subject to service of process in this jurisdiction.

The officers and employees of the defendant, who will be called as witnesses, reside in or near Wilmington. None of them resides in the District of Columbia. Voluminous files and records will be necessary at the trial and all of them are located at Wilmington, Delaware. Counsel for the plaintiff claims that the Government will have several witnesses who are Government officers residing in the District of Columbia, but there is no contention that the number of these witnesses exceed, or even equal, the number of witnesses located in Wilmington. The Government's principal argument seems to be that Washington is within easy reach of Wilmington, insofar as Wilmington witnesses are concerned, and that as concerns other witnesses, it is at least as easy for them to travel to Washington, as Wilmington.

No reason is perceived why this action should be brought and tried in the District of Columbia. Manifestly, it does not properly belong here. Delaware is the proper jurisdiction, even though technically venue may also be laid in the District of Columbia, as well as in a number of other districts. The convenience of witnesses clearly predominates in favor of the District of Delaware, as appears from the foregoing summary of facts.

Until recently, in civil and criminal proceedings under the antitrust laws, as well as in criminal conspiracy cases, the Government had the final choice of forum, since in most cases of these types it is possible to justify venue in any one of several districts. Government counsel are not to be criticized for exercising the right of selection that the law gave them. Nevertheless, it has been recognized by many that the existence of this preferential position of the Government was inherently unfair and needed modification in order that the Government and defendants might approach some degree of equality in this respect and that the defendants would have some rights in this matter.

This undesirable situation was rectified in respect to criminal cases by Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which authorizes the court on defendant's motion to transfer a proceeding to another district in the interest of justice, if the prosecution might originally have been instituted in that other district. The notes of the Advisory Committee concerning this Rule contain the following comment:

"The effect of this provision would be to modify the existing practice under which in such cases the Government has the final choice of the jurisdiction where the prosecution should be conducted. The mat-

ter will now be left in the discretion of the court."

Section 1404(a), Title 28 U.S.C.A., which became effective on September 1, 1948, among other things, effected a similar change in respect to Government civil cases. As stated above, it is comprehensive in its nature and covers all civil actions, irrespective of the nature of the parties, or of the subject matter.

 There is another vital consideration that weighs heavily with this court in determining whether the requested transfer would be in the interest of justice. In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, Mr. Justice Jackson observed:

"Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin."

True, he made this observation in discussing the doctrine of forum non conveniens. These comments are, however, equally applicable in determining whether a change of venue would be in the interest of justice. This Court has an exceedingly heavy docket. While its criminal calendar is current, its civil docket is about 12 or 13 months in arrears, that is, the time between the date a case is placed on the calendar and the date on which it is reached for trial in regular course, is about 12 or 13 months. This situation is caused by the peculiar and unique jurisdiction of the United States District Court for the District of Columbia. Due to the presence of Government agencies in Washington, there is an unusually heavy volume of Federal litigation. Due to the fact that the District of Columbia is a Federal area, this Court has jurisdiction of cases that elsewhere would be tried in State courts. Thus, all felonies and all civil cases involving more than $3,000, as well as matrimonial actions, probate of wills, administration of decedents' estates, and lunacy proceedings come before this court. Every judge in this district sits continuously from the opening of the court term in the fall until the last day of June, with the exception of a few days' recess at Christmas and Easter. Even during the summer, the court continues in session without interruption but on a cur-

tailed schedule, the judges rotating for summer assignments.

It is stated by counsel that the trial of this case would take six to eight weeks, and possibly longer. In the light of the above mentioned circumstances, to immobilize a judge for one case for this long period would be highly detrimental to the remaining business of this court. It would cause the docket to fall further in arrears. Naturally, if this litigation legitimately belonged in this jurisdiction, it would have to be kept here in spite of this consideration. Manifestly, however, bringing the action in the District of Columbia is a pure artificiality. To try this law suit here would be unfair to local litigants, who are waiting to secure a trial of their cases, and who would be further delayed if this antitrust case were to be tried in the District of Columbia.

 In view of the foregoing circumstances, the court is of the opinion that a transfer of the place of trial of this case to the District of Delaware would be both in the interest of the convenience of witnesses and in the interest of justice. No reason is discernible, on the other hand, why it should be tried here.

Motion of defendant for a change of venue from the District of Columbia to the District of Delaware, is granted.