**FORT DODGE LABORATORIES, Inc.,**
**Plaintiff,**

v.

**IOWA COOPERATIVE ASSOCIATION,**
**d/b/a Diamond Laboratories,**
**Defendant,**
**Anchor Serum Company and Research**
**Laboratories, Inc., Intervenors.**

**Civ. A. No. 3-601.**

United States District Court
S. D. Iowa, Central Division.

Dec. 28, 1956.

A. B. Howland, B. A. Webster, Jr., Des Moines, Iowa, Schneider & Dressler, Benjamin B. Schneider, R. Howard Goldsmith, Chicago, Ill., and Louis H. Baer, New York City, of counsel, for plaintiff.

James M. Stewart, Des Moines, Iowa, Cushman, Darby & Cushman, James L. Dooley and Alvin Guttag, Washington, D. C., for defendants.

REEVES, District Judge.

The above motions have been submitted, in part, conformable to the provision of Section 1404(a) Title 28 U.S.C.A. The said section and paragraph provide "For the convenience of parties and witnesses, *in the interest of justice*, [emphasis mine] a district court may transfer any civil action to any other district * * * where it might have been brought."

An action for patent infringement, for unfair competition, and trademark infringement was instituted by the plaintiff in the Southern District of Iowa. And a few days later a similar action was brought by the plaintiff against the intervenors in the Western District of Missouri, St. Joseph Division. The latter suit was limited to an alleged infringement of the same patent constituting one count of the complaint in the Southern District of Iowa suit.

Several months after the institution of the two several suits, the intervenors, together with the defendant in the Southern District of Iowa suit, moved for a separation of the patent infringement action from the unfair competition and trademark infringement actions, and further moved that the patent infringement suit be transferred to the Western District of Missouri, St. Joseph Division at St. Joseph, Missouri, for trial.

In the meantime Judge Duncan, who presided in the St. Joseph Division, held the action before him temporarily in abeyance until disposition might be made of the Iowa suit.

The plaintiff stoutly resists the motion to divide or separate the actions in Iowa and opposes the transfer on the grounds

that all the parties have been originally agreeable to the Iowa jurisdiction. The motion to separate, and to transfer, a part of the Iowa case has been ably argued and with equal ability the questions have been submitted in written briefs.

The court is mindful of the able and convincing arguments of counsel and the splendid collation of authorities in the written briefs of counsel.

1. On the question of selecting a forum, the plaintiff in its two separate actions has chosen two forums. The suit in Missouri, however, only involves the question of patent infringement. In Iowa, the action of plaintiff involves the patent infringement, unfair competition and trademark infringement.

The latter, however, as is usual in such cases, are interlocked and intertwined with the acts of patent infringement. Since plaintiff has selected two forums, and since the intervenors in like manner have chosen the same two forums, and since the defendant has joined in the motion to separate and to transfer to the other selected or chosen forum, the question of a preferred forum as between the several litigants is about evenly balanced. The court, therefore, should decline to give any consideration to the question of priority rights to a forum.

2. It appears from the arguments that a trial in Des Moines (Central Division of the Southern District of Iowa) would probably be more convenient for the witnesses. This is answered by the fact that the plaintiff has chosen the Western District of Missouri, St. Joseph Division, as a forum for one of the cases. If the case should be tried there before the Des Moines case, then the same witnesses would necessarily be called in attendance. Again, the question of convenience of witnesses and parties is about evenly balanced.

3. The important question, and one recognized and considered by the courts, is whether "in the interest of justice," the case should be transferred to the St. Joseph Division, Western District of Missouri.

In the case of Gulf Oil Corporation v. Gilbert, 330 U.S. 501, loc. cit. 508, 67 S.Ct. 839, loc. cit. 843, 91 L.Ed. 1055, the Supreme Court said:

"Factors of public interest also have place in applying the doctrine [*forum non conveniens*]. *Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.*" (Emphasis mine.)

The identical reason for transfer was announced in United States v. E. I. Du Pont De Nemours & Co., D.C., 83 F.Supp. 233, 235. Judge Holtzoff of the District of Columbia quoted from the Gulf Oil Corporation case, and then pointed out the problems where there is a congested docket as a reason for transfer "in the interest of justice."

Every one is familiar with the congestion of the court docket in the Central Division of the Southern District of Iowa, where this cause is pending. Full relief from this situation cannot now be foreseen. The parties say it will require about six weeks to try the consolidated cases. This fact makes it advisable to transfer them to a district where they may be speedily tried. Moreover, according to the arguments of counsel, there should be supervision of the taking or assembling of testimony and other matters connected with the case. This should be before one judge.

The motion to transfer should be and will be sustained, and the case will be transferred from the Central Division of the Southern District of Iowa to the St. Joseph Division, Western District of Missouri.

4. The motion to separate the counts of the complaint for trial should in like manner be overruled. The trial of the issues are so interlocked and interwoven that witnesses called on the patent infringement issue could be, and probably will be, used on the issue of unfair competition and trademark infringement. Moreover, there does not appear any reason why all the issues

should not be tried in one case without inconvenience to any of the parties.

This ruling is not intended to debar or interfere in any way with the discretion of Judge Duncan, who will be the trial judge in the St. Joseph Division, Western District of Missouri. If he may desire to separate the issues for independent trials, this ruling must not in any way embarrass him in the exercise of his own sound discretion.