Howard Alec **JOHNSON**, Plaintiff,

v.

**SMITH MEAL COMPANY, Inc.,**
Defendant.

**Civ. No. 15190.**

United States District Court
E. D. New York.

March 21, 1958.

Jerome L. Yesko, New York City, for plaintiff.

Macklin, Speer, Hanan & McKernan, New York City, James M. Leonard, New York City, of counsel, for defendant.

BRUCHHAUSEN,. District Judge.

The defendant seeks an order transferring this action to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a) which provides for transfer "for the convenience of parties and witnesses, in the interest of justice."

The plaintiff, in his complaint, filed on January 28, 1955, alleges in substance that the defendant is a corporation, licensed to do business in this State and having an office and principal place of business in this District; that while employed as a seaman on the defendant's vessel during the period from June 14, 1953, to October 3, 1953, he became ill due to the unseaworthiness of the vessel. He makes claim for damages therefor and the expenses of maintenance and cure.

The defendant urges that the following matters favor transfer of the action to the Virginia Court, viz.:

Of the 26 permanent members of the vessel's crew, other than the plaintiff, 23 reside in the State of Virginia;

Plaintiff is a resident of that State;

The alleged injuries were not sustained in this District;

Plaintiff, prior to hospitalization in Baltimore and New York, was treated by two Virginia physicians.

The plaintiff contends that the following circumstances support his position, viz.:

Plaintiff is entitled to the selection of the forum;

Several witnesses reside in this District;

The burden and expense of transporting hospital records from New York to Virginia;

The burden and expense of obtaining the testimony of medical experts, who examined plaintiff in New York at the suggestion of his attorneys. It seems that this factor is not determinative, where the issue of transfer is involved. See Magnetic Engineer & Mfg. Co. v. Dings Magnetic Separator Co., D.C., 86 F.Supp. 13.

In Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, it was held that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed, also that the defendant has the burden of making out a strong case for a transfer and that the plaintiff's privilege of choosing the forum is a factor to be considered as against the balance of convenience as between the parties.

After careful consideration of all pertinent matters, including choice of forum, the Court concludes that the defendant has sustained its burden of making out a strong case for transfer.

The motion is granted. Settle order on notice.