Maria COX and Herman Cox

v.

FOOD FAIR STORES, Inc.

Civ. A. 23439.

United States District Court
E. D. Pennsylvania.

July 17, 1958.

Herbert F. Holmes, Jr., Philadelphia, for plaintiffs.

Albert C. Gekoski, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This is a tort action to recover damages for injuries sustained by Maria Cox, plaintiff, a resident of Baltimore, Maryland, alleged to have been caused by the negligence of one of defendant's agents, servants or employees in striking said plaintiff with a hand truck while she was shopping in one of defendant's Super Markets in Baltimore, Maryland.[1]

The defendant has filed a Motion to Transfer (Document No. 7 in Clerk's File) the action to the District Court of Maryland for the convenience of the parties and witnesses and in the interest of justice under 28 U.S.C.A. § 1404(a). Plaintiffs opposed the motion on the ground that the plaintiffs' choice of forum should be given great weight, citing Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 and because defendant has processed this claim thru its main office in Philadelphia.

Defendant is entitled to have its Motion to Transfer granted.[2] The Dis-

1. Herman Cox, husband of Maria Cox, is also a plaintiff. His claim is for medical expenses and loss of society, companionship, services and assistance, allegedly caused by Maria Cox's injury.

2. The record supporting the facts recited in this memorandum opinion consists of these three documents, in addition to the pleadings: affidavit of June 27, 1958 by defendant's attorney, deposition of wife

684

trict Judge's discretion in applying the Statute at issue is broader than under the doctrine of forum non conveniens,[3] and the policy of this judicial district has been to exercise said discretion when the Motion to Transfer is supported by facts such as those in this record.[4]

■ The following facts, among others, appear on this record and support the defendant's Motion:

(a). The residence of both plaintiffs is Baltimore, Maryland.

(b). Defendant is doing business and is subject to process within the District of Maryland.[5]

(c). All witnesses presently known to either party reside in or near the City of Baltimore.[6]

(d). The case will be reached much more rapidly in the District of Maryland due to a less crowded docket.[7]

(e). The injury on which suit is being brought allegedly occurred in a store in Baltimore which is more readily available to the jury if a viewing of the premises becomes desirable.

(f). The law of Maryland is applicable and the Judges of the Maryland District Court are more familiar with that law than the Judges of this Court.

plaintiff, and affidavit of plaintiffs' counsel dated June 20, 1958, being documents number 8 to 10 in Clerk's file.

3. Norwood v. Kirkpatrick, 1955, 349 U. S. 29, 30, 75 S.Ct. 544, 99 L.Ed. 789; All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, 1011. See Ex parte Collett, 1949, 337 U.S. 55–61, 69 S.Ct. 944, 93 L.Ed. 1207.

4. Rhoton v. Interstate R. Co., D.C.E.D. Pa.1954, 123 F.Supp. 34; Hawks v. Maryland & Pennsylvania R. Co., D.C. E.D.Pa.1950, 90 F.Supp. 284; Tuck v. Pennsylvania R. Co., D.C.E.D.Pa.1954, 122 F.Supp. 527; see also, Chicago Rock Island & Pacific R. Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299, certiorari denied 1955, 350 U.S. 822, 76 S.Ct. 49, 100 L. Ed. 735.

5. The fact that the main office of the defendant is in Philadelphia and not Balti-

more is not a substantial factor which would persuade the Judge to withhold his discretionary power to transfer the case in view of the other facts present. In Carbeck v. Baltimore & Ohio Railroad Company, D.C.E.D.Pa.1958, 160 F. Supp. 626, the location of the defendant's principal office was not a major determining factor. This is a stronger case for transfer than the Carbeck case since Maryland law must be applied and a Maryland Federal Judge will be more expert in that law than a Pennsylvania Federal Judge. See paragraph f below.

6. One witness lives in Arlington, Va., which is much nearer Baltimore than Philadelphia. (See letter of June 10 attached to affidavit filed July 1, 1958.)

7. See the discussion of factors of public interest in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839.