George W. **JURGELIS**

v.

**SOUTHERN MOTORS EXPRESS**, Inc.

No. 23441.

United States District Court
E. D. Pennsylvania.

Jan. 7, 1959.

William O. Napoliello, Philadelphia, Pa., for plaintiff.

Charles F. G. Smith, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This matter comes before this court on defendant's Amended Motion for Removal of Cause under 28 U.S.C.A. § 1404(a) (Document No. 14 in Clerk's file) and involves a diversity action in tort to recover damages for injuries sustained by plaintiff, a resident of Paulsboro, New Jersey, as a result of an automobile collision at a point on U. S. Route 40 in Baltimore County, Maryland, allegedly caused by the negligence of one of defendant's servants, agents or employees.

In Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, the Supreme Court, in discussing the relation of 28 U.S.C.A. § 1404(a) to the doctrine of forum non conveniens as recognized by the Supreme Court in Gulf Oil Corp. v. Gilbert, 1946, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, said at page 32 of 349 U.S., at page 546 of 75 S.Ct.:

"* * *, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum

is not to be considered, but only. that the discretion to be exercised is broader."

It appears, therefore, that under the present state of the law, the factors to be considered by a court in determining whether or not to transfer the action under § 1404(a) are established by the Gulf Oil Corp. case, and the degree of discretion to be exercised by the court is established by the Norwood case. In applying the law to the facts of this case, the hearing judge is of the opinion that this case should be transferred to the United States District Court for the District of Maryland for the following reasons:

(a) The law of Maryland is applicable[1] and judges of the Maryland District Court are more familiar with that law than the judges of this court.

(b) Another action involving this same accident had been instituted in the Superior Court of Baltimore City and, upon removal, is presently before the United States District Court for the District of Maryland.[2]

(c) Most of the lay witnesses are from Maryland.[3]

(d) Plaintiff was first treated at the Johns Hopkins Hospital in Baltimore.[4]

(e) The scene of the accident would be more readily available to the jury if a viewing became desirable.

(f) The case will be reached much more rapidly in the District of Maryland because of the less crowded docket.[5]

Plaintiff's choice of forum and the case of Mazinski v. Dight, D.C.W.D.Pa.1951, 99 F.Supp. 192, relied on by plaintiff in opposition to defendant's motion, have been given due consideration. However, with regard to the degree of discretion to be exercised by the court, the Mazinski case, in light of the Norwood case, does not represent the present state of the law. It is the opinion of the undersigned that the interests of justice would be better served if this case were transferred to the District Court of Maryland. See Cox v. Food Fair Stores, Inc., D.C. E.D.Pa.1958, 163 F.Supp. 682.

---

1. Restatement of Conflict of Laws, § 378.

2. See affidavit of F. J. Green, Jr., Document No. 15 in Clerk's file.

3. Ibid.

4. Ibid. This fact reduces the force of plaintiff's contention that the case should be tried in this District, since it would be more convenient to plaintiff's doctors who are from Philadelphia and New Jersey (see affidavit of William O. Napoliello, Document No. 16 in Clerk's file).

5. See the discussion of factors of public interest in the Gulf Oil Corp. case, supra, 330 U.S. at page 508, 67 S.Ct. at page 843.