Maxine M. KONOVSKY, Administratrix of the Estate of Milan C. Konovsky, Deceased, Plaintiff,

v.

BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 60–280.

United States District Court
W. D. Pennsylvania.

June 29, 1960.

Gene Lynch, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

H. Fred Mercer, Mercer & Buckley, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

On April 7, 1960, plaintiff filed this tort action against the defendant Railroad in the Court of Common Pleas of Allegheny County, Pennsylvania, which action on April 19, 1960, was ordered removed to this court because of diversity of citizenship and alleged jurisdictional amount. On May 2, 1960, the defendant filed a motion to transfer this action to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to Title 28 U.S.C.A. § 1404(a). Affidavits were filed in support of said motion. No counter-affidavits were filed. The plaintiff, however, opposes the granting of the motion. It is the court's opinion that the motion to transfer should be granted.

This case involves a collision between a motor vehicle and a railroad train at a grade crossing in Stark County, Ohio, in which the plaintiff's decedent was killed. The decedent was a resident of Ohio and was employed therein at the time of his death. The plaintiff administratrix is a resident of Ohio. All the witnesses are residents of Ohio. The only eyewitnesses to the accident are five members of the train crew; they reside in Akron, Ohio, which is 104 miles from Pittsburgh. There are nine non-railroad witnesses who reside in or about North Canton, Ohio, which is 93 miles from Pittsburgh. The suit might have been brought in the United States District Court for the Northern District of Ohio, Eastern Division. Defendant's counsel represented, without contradiction, that the Federal Court for that Division holds sessions of court at Akron, Ohio, which is about 24 miles from Canton, which is near the place of the accident. It would be more expensive to transport and maintain the non-railroad witnesses in Pittsburgh during the trial than in Akron, which is within daily commuting distance of North Canton. It would be more inconvenient for the non-railroad witnesses, among whom is an 81 year old man and two minors, to attend a trial in Pittsburgh than a trial in Ohio. The law of Ohio applies to the issues of liability and damages, and the Judges of the Northern District of Ohio are more familiar with the law pertaining to those issues than the Judges of this Court. The accident occurred near Canton, which is more readily available to the jury if a view is desirable.

This court appears to have no local interest in the parties or subject matter involved. "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." Gulf Oil Corp. v. Gil-

bert, 1947, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055. Other litigants in this district ought not to be delayed by litigation so closely identified in all its aspects with the Ohio district.

On the foregoing facts, we think that a transfer will best serve the convenience of the plaintiff and the witnesses; that it will be in the interest of justice, and will make the judicial process easier, cheaper and probably more prompt.[1] All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010, approved by the Supreme Court in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789; Brown v. Woodring, D.C.M.D.Pa.1959, 174 F.Supp. 640[2]; Jurgelis v. Southern Motors Express, D.C.E.D.Pa.1959, 169 F. Supp. 345;[2] Hostetler v. Baltimore & Ohio Railroad Company, D.C.W.D.Pa. 1958, 164 F.Supp. 72; Cox v. Food Fair Stores, D.C.E.D.Pa.1958, 163 F.Supp. 682.

Plaintiff emphasizes that the court should give great weight to her choice of forum, citing Gulf Oil Corp. v. Gilbert, supra, and especially when the distance between the two forums is not great, citing Sherman v. Baltimore & O. R. Co., D.C.W.D.Pa.1954, 122 F.Supp. 492; Hohler v. Pennsylvania Railroad

Company, D.C.W.D.Pa.1956, 140 F.Supp. 487;[2] Davis v. American Viscose Corporation, D.C.W.D.Pa.1958, 159 F.Supp. 218. In the Davis case, the plaintiff was a resident of this district and other factors weighed the balance against the transfer. The Hohler and Sherman cases were F.E.L.A. actions, for the prosecution of which Congress specifically gave a plaintiff the option of bringing his action "in a district court of the United States, in the district * * * in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C.A. § 56. This right is "substantial", Boyd v. Grand Trunk W. R. Co., 1949, 338 U.S. 263, 266, 70 S.Ct. 26, 94 L.Ed. 55, and is not impliedly repealed by § 1404(a), Ex parte Collett, 1949, 337 U.S. 55, 60, 69 S.Ct. 944, 959, 93 L.Ed. 1207. Moreover, the law to be applied in F.E.L.A. cases is federal law. Even in F.E.L.A. cases when the balance of convenience for the parties and witnesses strongly preponderates in favor of the transfer, it has been granted. Norwood v. Kirkpatrick, supra; Hostetler v. Baltimore & Ohio Railroad Company, supra.

An appropriate order transferring this case to the Northern District of Ohio, Eastern Division, will be entered.

[1.] Statistics for the fiscal year ending June 30, 1959 show that the median interval from filing to disposition of total cases tried in the Western District of Pennsylvania is 34.9 months, and in the Northern District of Ohio, Eastern Division, it is 25.6 months. During the above period, the total number of cases tried in the Western District of Pennsylvania was 232, and in the Northern District of Ohio, 59; total jury cases tried in the Western District of Pennsylvania, 186, and in the Northern District of Ohio, 24. See: "Annual Report of the Director of the United States Courts for the Fiscal Year Ended June 30, 1959" to the Judicial Conference of the United States, pp. 202, 204.

The plaintiffs' choice of forum was accorded great weight in Mazinski v. Dight,

D.C.W.D.Pa.1951, 99 F.Supp. 192, a motor vehicle accident case. In that case the defendant's residence was in Western Pennsylvania, the plaintiffs were aliens residing in New York, and the equities in the court's judgment were balanced. However, in Brown v. Woodring, supra, and Jurgelis v. Southern Motors Express, supra, both motor vehicle accident cases, citing Norwood v. Kirkpatrick, supra, a F.E.L.A. case, it was indicated that the view expressed in the Mazinski case is no longer the state of the law. Thus current thinking seems to be that a plaintiff's choice of forum is of considerably less weight in motor vehicle accident cases than in F.E.L.A. cases. Cf. Sherman v. Baltimore & O. R. Co., supra, and Hohler v. Pennsylvania Railroad Company, supra.