**Alvin H. FRANKEL, Administrator of the Estate of Bernard Hatch, Deceased**

v.

**ALCOA STEAMSHIP CO., Inc.**

**Civ. A. No. 29051.**

United States District Court
E. D. Pennsylvania.
July 7, 1961.

County, Pa., for the sole purpose of bringing this suit. Defendant, a New York corporation, is the owner of the "Alcoa Planter," on which the deceased seaman was allegedly assaulted by a fellow seaman, causing injuries which led to his death.

This case is before the court on defendant's Motion to transfer the action to the United States District Court for the Southern District of Alabama, Southern Division, sitting at Mobile, Alabama, pursuant to 28 U.S.C.A. § 1404(a).

Defendant urges the court to exercise its discretion and transfer the action for these reasons, among others: the principal office and place of business of defendant, where the defendant's file concerning the decedent is, and has been, located,[1] is in Mobile; the decedent was a resident of Mobile at the time the cause of action arose, was buried there, and had no connection whatsoever with the Commonwealth of Pennsylvania; decedent's widow is a resident of Mobile at the present time and was a resident thereof at all times pertinent to this action; the alleged assailant is now a resident of Pensacola, Florida, and would be within the subpoena power of the proposed transferee forum (see Document No. 13); decedent received medical treatment in Mobile and in New Orleans (which is 145 miles from Mobile); the ship has never been in this District since the defendant joined it on December 6, 1956; the alleged assault for which this suit was instituted occurred in December 1956, more than four years prior to the institution of the suit; and the case would be heard in six months, rather than

Marvin I. Barish, Philadelphia, Pa., for plaintiff.

Thomas E. Byrne, Jr., Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This action was brought by a New Jersey citizen who was named Administrator of the estate of a deceased seaman by the Register of Wills of Philadelphia

1. The answers to interrogatories 23 and 24 read as follows:

"23. The entire file of the defendant in this matter is and has been in the Mobile, Alabama office of the defendant. This includes not only the claim filed with respect to Hatch but the personnel records. With respect to the claim filed the defendant means to imply that it maintained a file on Mr. Hatch as the result of his illness on board the ship. The maintenance payments were made at Mobile, the original records concerning him are there, and the person to whom Mr. Hatch spoke when he visited the defendant's office to collect maintenance and all records pertaining to his illness on board the S.S. Alcoa Planter are in the defendant's Mobile office.

"24. Attached hereto is a photostat of portions of a letter giving all of the ports of call of the Alcoa Planter from 1956 through March 16, 1961. This list indicates that the only time the Alcoa Planter was in Philadelphia during that entire period was on one occasion from March 21, 1956 to April 6, 1956."
See attached letter of June 20, 1961.

over two years from this date, if the case were transferred.

Plaintiff argues that his choice of forum should not be disturbed; that the decedent lived in the Chicago, Illinois, area at the time of his death; that medical records could be sent to the court from all hospitals; and that defendant has no witnesses which it will be compelled to bring to Philadelphia in order to defend this case, since it stated in answers to interrogatories that there were no witnesses to the alleged assault, which, as far as it knows, never occurred.

■■■ In considering this Motion, the court must consider "the convenience of the parties and witnesses" and the interest of justice.[2] The court has considered all the facts and arguments presented by counsel for both parties and has determined that the ends of justice would be better served by having this case transferred. The transfer is ordered for the following reasons, as well as those stated above in the paragraph on pp. 1–3, among others:

A.   The Marine Division of defendant corporation is situated in Mobile.

B.   All personnel records relating to decedent's employment by defendant are in Mobile.

C.   The alleged assailant, Voyd B. Burger, who is no longer in the permanent employ of defendant, is within the subpoena power of the United States District Court sitting at Mobile.

D.   Some hospital records of decedent are in Mobile.

E.   It would be more convenient for witnesses if the case is transferred.[3]

F.   The ends of justice would be better served by having this case tried promptly.[4] Promptness in reaching trial is of great importance in this case. This suit was not commenced until December 30, 1960, more than four years after the alleged injury, which plaintiff contends caused the decedent's death in October 1958. Under these circumstances, it is in the interests of justice that the case be tried as promptly as possible before the memories of such witnesses as are available have not become any fainter than they must be at this time.

If the case were tried in this district, the inconvenience to defendant would be grave. Cf. Biedrzycki v. Alcoa Steamship Co., Inc., D.C.E.D.Pa.1961, 191 F. Supp. 895, 897. Since the three statutory factors dictate transfer, the Motion will be granted, regardless of plaintiff's choice of forum. See Brown v. Woodring, D.C.M.D.Pa.1959, 174 F.Supp. 640, 645; Jurgelis v. Southern Motor Express Co., D.C.E.D.Pa.1959, 169 F.Supp. 345; cf. Continental Grain Co. v. Barge FBL–585, 1960, 364 U.S. 19, 27, 80 S.Ct. 1470, 4 L.Ed.2d 1540; Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789. Cases relied on by plaintiff, such as Biedrzycki v. Alcoa Steamship Co., Inc., supra, Medich v. American Oil Company, D.C.E.D.Pa.1959, 177 F.Supp. 682 and Kontos v. The S.S. Sophie C., D.C.E.D.Pa.1960, 184 F.Supp. 835,[5] involved different factual situations than that now before this court.

2.  The purpose of 28 U.S.C.A. § 1404(a) is to make the process of justice cheaper and more convenient and, if possible, more prompt. All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010–1011. This section applies to suits brought under the Jones Act, 46 U.S.C.A. § 688. Cf. Ex Parte Collett, 1949, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207.

3.  Decedent's widow lives in Mobile and has an attorney there; the alleged assailant lives 50–60 miles from Mobile (Document No. 13); many of the fellow crew members of the decedent on his last voyage, who will presumably be negative witnesses, are Alabama residents; the doctors who treated him in New Orleans and Mobile are more apt to be called more conveniently if the case is transferred.

4.  A death action is reached for trial within six months in the United States District Court for the Southern District of Alabama. See letter from the Clerk of that District attached to Document No. 11.

5.  Also, this case was not decided under 28 U.S.C.A. § 1404(a) but under the admiralty doctrine of forum non conveniens.

The order attached to the Motion (Document No. 4) will be signed, transferring the action under 28 U.S.C.A. § 1404(a). The briefs of counsel have been placed in the Clerk's file as Documents Nos. 14 and 15. The letter of July 6 from counsel for defendant is attached to Document No. 15.