**Samuel NEWFIELD, Trustee for the Estate of Kaunitz & O'Brien, Inc., a Bankrupt**

v.

**NICHOLSON FILE COMPANY.**

Civ. A. No. 31370.

United States District Court
E. D. Pennsylvania.

Nov. 9, 1962.

Francis Hopkinson, of Drinker, Biddle & Reath, Philadelphia, Pa., for defendant.

Bertram Bennett, of Jenkins, Bennett & Jenkins, Philadelphia, Pa., for plaintiff.

FREEDMAN, District Judge.

Defendant has moved for transfer of the action to the United States District

---

Court for the District of Rhode Island, pursuant to 28 U.S.C.A., § 1404(a).[1]

Plaintiff is trustee of the estate of a bankrupt and sues to recover preferential payments which he alleges were made by the bankrupt to the defendant aggregating $157,335.19. Defendant is a Rhode Island corporation and has its principal place of business in Providence, Rhode Island.

The factual circumstances are not in dispute. All of the records of defendant which are pertinent to the action are located at its principal office in Providence. All of its witnesses are present in Rhode Island or the State of New York. No witnesses on either side are present in the Eastern District of Pennsylvania. Many witnesses will be beyond the reach of our process. The executive officers of the defendant who will be required to attend the trial would be taken entirely away from their work if the trial is held here. Plaintiff himself is a resident of New York City. The bankrupt estate of which he is a fiduciary is being administered in the Southern District of New York. The action will be governed by the Bankruptcy Act and the Stock Corporation Law of the State of New York. Apparently the case will be reached for trial much sooner in Rhode Island than here.

In these circumstances there appears to be no reason whatever for the maintenance of the suit in this district. No local law is involved. There are no local witnesses who will be called at the time of trial. Many of the witnesses are in Rhode Island. Some of the witnesses are in New York City, which is not inconveniently distant from Providence al-though it is closer to Philadelphia. If there were any forum other than Rhode Island where the case would appropriately be tried it would be the Southern District of New York, where the bankruptcy proceedings are pending and where some witnesses reside or have their place of business. But it is conceded that defendant is not subject to the jurisdiction of the United States District Court for the Southern District of New York, and in such circumstances the appropriate forum obviously is the District of Rhode Island.

Stripped of minutiae the basis of plaintiff's opposition to the motion for transfer is that Rhode Island is the defendant's "home ground". But it is on its "home ground" that a corporate defendant is traditionally amenable to suit. See 1 Barron & Holtzoff, Federal Practice and Procedure (1960), § 179; 18 Fletcher, Cyclopedia of the Law of Private Corporations (Revised Vol. 1955), § 8636, et seq. It is only because the defendant corporation has a partial home —a warehouse and a sales office—in Philadelphia that it is amenable to service here. It is because it has no place of business in New York that the Southern District of New York, where plaintiff resides and where the bankruptcy proceedings are pending, may not be the place of suit.

Clearly Rhode Island is the forum that would best serve the convenience of the parties and the witnesses and the interest of justice. Plaintiff's choice of this district as the forum, while an element to be considered,[2] is not of much weight in this case. It is not the place of plaintiff's residence.[3] Moreover, the plaintiff here is a fiduciary and sues in

---

1. 28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. E. g., Medich v. American Oil, 177 F. Supp. 682 (E.D.Pa.1959); Robbins Music Corp. v. Alamo Music, Inc., 119 F.Supp. 29 (S.D.N.Y.1954); Markantonatos v. Maryland Dry Dock Co., 110 F.Supp. 862 (S.D.N.Y.1953).

3. For cases where the plaintiff's choice of forum did not coincide with that of his residence and transfer was granted see Cox v. Food Fair Stores, Inc., 163 F.Supp. 682 (E.D.Pa.1958); Jurgelis v. Southern Motors Express, Inc., 169 F. Supp. 345 (E.D.Pa.1959).

à representative capacity as the trustee of an estate which is being administered in New York. Plaintiff's choice of forum is completely overcome in the present case by the overwhelming circumstances which make the District of Rhode Island far more appropriate as the place for the trial of this action than the Eastern District of Pennsylvania.

Accordingly, the motion for transfer will be granted. But we will stay action on the order for 15 days to afford plaintiff time to seek appellate review if he should choose to do so.[4]

---

4. See Swindell-Dressler Corp. v. Dumbauld, 308 F.2d 267 (3d Cir. 1962).