MARMAC INDUSTRIES, INC.

v.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and American Casualty Company of Reading, Pennsylvania.

Civ. A. No. 32581.

United States District Court
E. D. Pennsylvania.
May 24, 1963.

---

John B. Brumbelow, Morris L. Weisberg and Henry J. Morgan, Philadelphia, Pa., for plaintiff.

Max E. Cohen, Philadelphia, Pa., for Nationwide Mutual Fire Ins. Co.

John B. H. Carter, Philadelphia, Pa., for American Casualty Co.

VAN DUSEN, District Judge.

This is an action for breach of contract and for consequential damages flowing therefrom which has been brought by plaintiff corporation for allegedly sustained losses when a fire destroyed its building in Wenonah, New Jersey, and damaged the contents therein. Plaintiff contends that on the date of the fire, May 4, 1962, it was insured for the loss by both defendant insurance companies and this suit was instituted after the companies refused to pay plaintiff for its alleged loss. Defendants have filed motions to transfer the action to the United States District Court for the District of New Jersey under 28 U.S.C.A. § 1404(a) (Documents 9 and 10), which motions are now before the court.[1]

Defendants contend that their Motions should be granted for the convenience of the parties and the witnesses and in the interest of justice. Plaintiff opposes the Motions on the grounds that its choice of forum should be given great weight, that certain adjustors, an accountant and some claim agents, who it claims will be its key witnesses, are located in Pennsylvania, and that it would be inconvenient for plaintiff to engage New Jersey counsel. There is no contention that this action could not have been brought in New Jersey.

After considering all the relevant factors of record,[2] the hearing judge is of the opinion that defendants have met their burden of showing that the convenience of the witnesses and the ends of justice will be better served by a trial in the transferee District and that, therefore, the Motions to Transfer will be granted.

The following facts of record, among others, support the defendants' Motions:

(a) Plaintiff is a New Jersey corporation with its principal place of business in Wenonah, Gloucester County, New Jersey, approximately 17 miles from the Federal Court House in Camden, New Jersey.[3]

(b) Defendants are doing business in New Jersey and are subject to process within the state of New Jersey.[4]

(c) All fact witnesses relating to the fire and the loss allegedly sus-

---

1. Both defendants included a Motion to Dismiss for Improper Venue in their Motions to Transfer, but their positions as to this matter were changed at or before the time of oral argument on the Motions, the defendants admitting that the venue is proper. Therefore, they are being treated merely as Motions to Transfer under § 1404(a).

2. See discussion regarding relevant criteria which should be considered in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

3. See Document 15. The mere fact that the distance between Philadelphia and Gloucester Counties is relatively short should not prevent transfer under the record in this case. See United States v. American Linen Supply Company, 134 F.Supp. 21, 24–25 (E.D.Wisc.1955); United States v. E. I. Du Pont De Nemours & Co., 83 F.Supp. 233 (D.D.C. 1949).

4. Defendant American is a Pennsylvania corporation with principal offices in Reading, Pa. Defendant Nationwide is an Ohio corporation with principal offices in that state. Its claim office having jurisdiction over this claim is located in Trenton, N. J. The fact that defendants' main offices are not in the Camden area is not a substantial factor which would persuade the court to withhold its discretionary power to transfer in view of the other factors present. See Cox v. Food Fair Stores, 163 F.Supp. 682, 684 (E.D.Pa.1958), and Carbeck v. Baltimore & Ohio Railroad Company, 160 F.Supp. 626 (E.D.Pa.1958).

tained reside in or near Gloucester County, New Jersey, with the exception of certain adjustors, etc., who are not fact witnesses to the fire itself.[5]

(d) The property insured and the place of loss alleged in the Complaint are in Wenonah, New Jersey.

(e) The policies of insurance which plaintiff is suing on were issued in New Jersey.

(f) The law of New Jersey is applicable to the policies of insurance and the claim for consequential damages, and the judges of the New Jersey District Court are more familiar with that law than the judges of this court.[6]

(g) It may be necessary and desirable during the course of trial that the jury make an inspection of the premises, which would be more readily available if the case were tried in New Jersey.

(h) This protracted case will be reached much more rapidly in the District of New Jersey due to a less crowded docket.[7]

For the above reasons, the fact that plaintiff's having to obtain New Jersey counsel is not one of the factors to be given great weight,[8] and the relatively slight connection of Pennsylvania with

---

5. See Document 15 for a list of fact witnesses. On the present state of the record, it appears that many issues will be raised at the trial which will require the production of a large number of witnesses, most of whom reside or are located in the area where the fire occurred. In spite of plaintiff's position that the adjustors, etc., who investigated the fire will be its key witnesses, it is difficult to comprehend how plaintiff takes this position since the issues of the fire, the amount of the loss, · the condition of the building before the fire, and the circumstances surrounding the making of the American Insurance contract would appear to be provable by New Jersey witnesses.

6. This is an important factor in this case, in which the defense of fraud will be raised. See, also, the copy of the Complaint which defendant American has filed in the New Jersey State Court against plaintiff, asking reformation of its contract with plaintiff (Exhibit F to Document 16). The New Jersey Federal Judges would be better able to decide the effect of any judgment in that case on the outcome of the instant litigation.

7. This is a very important factor in this case, especially in view of plaintiff's claim that its damages resulting from non-payment are so high and that it might be forced to go out of business if the claims are not paid promptly. According to the latest statistics from the Administrative Office of the United States Courts, the Eastern District of Pennsylvania had 4181 civil cases pending with an average interval of over 3 years of time elapsed between filing and trial. The 1962 statistics for the Federal Court in New Jersey show only 986 cases pending with a 19.3-month lapse between filing and trial. Since that report was issued, the New Jersey District has obtained another judge, which would indicate that the time lapse will be less in the future. This new judge is assigned to the United States Court House at Camden, so that there are now two judges at that location. The docket in the Camden Court House is such that by the end of June 1963, the judges will be trying cases which were filed only a year prior thereto. The efficient and prompt administration of justice is a factor to be considered. All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3rd Cir. 1952); Zelman v. Bethlehem Steel Company, 186 F.Supp. 246, 248 (E.D.Pa.1960); Jurgelis v. Southern Motors Express, 169 F.Supp. 345, 346 (E.D.Pa.1959); Ortiz v. Union Oil Co. of California, 102 F.Supp. 492, 494 (S.D. N.Y.1952); United States v. E. I. Du Pont De Nemours & Co., supra 83 F. Supp. at p. 235.

8. See Molloy v. Bemis Bro. Bag Company, 130 F.Supp. 265, 269 (S.D.N.Y.1955). It is also noted that in this case plaintiff had, prior to September 28, 1962, engaged New Jersey counsel to handle its claim against American and this attorney must be familiar with most issues in this case. See Exhibit attached to Document 15.

the litigation,[9] this case will be transferred to the United States District Court for the District of New Jersey, where trial may be had at the U. S. Court House, Camden, N. J.

9. Considerations of public interest include the burden of jury duty on people of a community having no relation to the litigation, the local interest in having localized controversies decided at home, and the unnecessary injection of problems in conflicts of law. Brown v. Woodring, 174 F.Supp. 640, 646 (M.D.Pa.1959). See Cressman v. United Air Lines, 158 F.Supp. 404, 407 (S.D.N.Y.1958).