David **PONTES**

v.

**CALMAR STEAMSHIP CORP.**

Civ. A. No. 39923.

United States District Court
E. D. Pennsylvania.

July 12, 1966.

John Dorfman, Philadelphia, Pa., for plaintiff.

Joseph P. Green, Philadelphia, Pa., for defendant.

Before VAN DUSEN, DAVIS and HIGGINBOTHAM, District Judges.

PER CURIAM.

ORDER SUR PLAINTIFF'S PETITION (Document 9) FOR RECONSIDERATION OF ORDER OF 6/17/66 GRANTING DEFENDANT'S MOTION TO TRANSFER (Document 7)

And now, July 12, 1966, after consideration of PLAINTIFF'S PETITION FOR RECONSIDERATION (Document 9) and the record, it is ordered that plaintiff's petition for reconsideration is denied.

The above Petition is inaccurate in stating that Judge Van Dusen "stated that the present case was being transferred to the District of Maryland in view of the less crowded docket in the transferee jurisdiction." The partial transcript containing the statements of the judges making the ruling shows that Judge Higginbotham announced the decision of the en banc court. Judge Van Dusen added that "one of the most significant factors is the backlog in our Court as opposed to the District of Maryland * * *." He also stated: " * * * of course, there are other factors, also, as recited by counsel, such as the fact that the eye witness deposition has already been taken, is available, and the plaintiff is now in the Baltimore hospital."

Insofar as plaintiff's Petition is designed to contend that the 43-month median time interval between starting a suit and trial in the Eastern District of Pennsylvania, as opposed to the 18-month median time interval between starting a suit and trial in the District of Maryland (see Table C 5, page 192, of Annual Report of the Director of the Administrative Office of the U.S. Courts covering the fiscal year ending June 30, 1965), is not alone sufficient to justify transfer, such contention is correct. However, the defendant's Motion and the statements made at the call of the list on June 17, 1966, indicate several other factors giving the District of Maryland a relationship to the controversy,[1] whereas neither the plaintiff nor the controversy has any relationship to this District other than plaintiff's desire to bring his suit here and the fact that defendant is subject to suit here as well as in Maryland.

The decisions in this District have recognized, ever since the leading case of Norwood v. Atlantic Coast Line Railroad Co. et al., Civil Action 15810 (Opinion of then Chief Judge Kirkpatrick filed 7/12/54), aff'd. sub nom. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955), that the condition of the court calendar in the transferor and the transferee districts should be considered[2] in ruling on a Motion under 28 U.S.C. § 1404(a). See, also, United States v. Kraft Foods Company, D.C., 146 F.Supp. 132 (Opinion of November 1956);[3] Jurgelis v. Southern Motors Express, Inc., 169 F.Supp. 345, 346 (E.D.Pa. 1959);[4] Frankel, Admr. v. Alcoa Steamship Co., Inc., D.C., 198 F.Supp. 266 (Opinion of 7/7/61); Newfield, etc. v. Nicholson File Company, D.C., 210 F.Supp. 796 (Opinion of 11/9/62), where the court said at page 797: "Apparently the case will be reached for trial much sooner in Rhode Island than here."

It is noted that the United States Court of Appeals for the Third Circuit has used this language in the leading case of All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3rd Cir. 1952), which was approved in Norwood v. Kirkpatrick, supra:

"The statute limits the privilege of the plaintiff to have his lawsuit tried in the forum of his choosing if he can there get jurisdiction over the defendant. The purpose of the limitation is clearly to make the inevitably uncomfortable (for the litigant) judicial process cheaper and more convenient and, if possible, *more prompt.*" (Emphasis supplied.)

1. For example, plaintiff has resided in Baltimore for over five years, he signed on the vessel in Baltimore, defendant's claim records and operating department records are available at its offices in Baltimore, as well as the facts stated in the last sentence quoted above. The alleged accident occurred when defendant's vessel was in San Pedro, California.

2. In this case, Chief Judge Kirkpatrick commented at page 4 of his opinion as follows: " * * * the condition of the court calendar makes it fairly certain that the cases cannot be tried in this district for at least two years."

3. In this case, Judge Kraft said at page 135 of his opinion: "While the time which may elapse between issue and trial in any district is not a decisive factor in an application for transfer, consideration should be given, in the interest of justice under the circumstances here existing, to the speed with which trial and final disposition of the litigation may be had."

4. In this case, it was pointed out that the Supreme Court of the United States had stated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), that: "Important considerations are * * * all other practical problems that make trial of a case * * * expeditious * * *. Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."