**Harry J. CURTIN**

v.

**LITTON SYSTEMS, INC.**

**Civ. A. No. 73-925.**

United States District Court,
E. D. Pennsylvania.

Nov. 5, 1973.

Marvin I. Barish, Philadelphia, Pa., for plaintiff.

Timothy J. Mahoney, Philadelphia, Pa., for defendant.

## OPINION

GORBEY, District Judge.

Before the court is defendant's motion pursuant to 28 U.S.C. § 1404(a) to transfer this action from the Eastern District of Pennsylvania to the Northern District of Ohio. This opinion is limited to the issue of whether the case should be transferred from this district to the Northern District of Ohio, and does not consider whether the case more properly belongs or could be maintained in any other jurisdiction. In response to the suggestion of the Third Circuit Court of Appeals in Solomon v. Continental American Life Insurance Co., 472

F.2d 1043 (1973), the following are the facts on which our decision is based:

1.   Plaintiff, a merchant seaman, who resides in Toms River, New Jersey, alleges employment aboard a vessel, named the SS BEN MOREELL, and an injury during July, 1971, in the course of his employment.

2.   The SS BEN MOREELL is a bulk carrier which has always been operated exclusively in trade on the Great Lakes.

3.   At the time mentioned in the complaint, the SS BEN MOREELL was operated by the Wilson Marine Transit Company Division, a division of defendant Litton Systems, Inc.

4.   The Wilson Marine Transit Company Division was dissolved in January, 1973, and the SS BEN MOREELL was sold to new owners, but continues in operation on the Great Lakes with Cleveland, Ohio, as its port of call.

5.   The sole office of the Wilson Marine Transit Company Division was in Cleveland, Ohio, and its former administrative personnel remained in the greater Cleveland area.

6.   At the time of plaintiff's employment, the SS BEN MOREELL was manned by a crew of 28 men.

7.   The majority of the crew resides in the Great Lakes area.

8.   None of the crew or any other potential witness resides in the Eastern District of Pennsylvania.

9.   Defendant anticipates that his principal witnesses will be members of this crew and that there will be medical testimony from personnel of the medical facility in one of the Great Lakes ports. However, defendant cannot at this time specify the names of those persons who will testify because plaintiff has not yet stated what the particular nature of the accident in question was; how it was caused; or what his particular injuries were.

10.   The suit in question has no significant contacts with the Eastern District of Pennsylvania, other than the fact that plaintiff chose to file his complaint here.

11.   Plaintiff was treated after the incident in question at a U.S. Public Health Service facility in Staten Island, New York, and has also been treated by his personal physician at Toms River, New Jersey.

## DISCUSSION

█  In a motion to transfer pursuant to 28 U.S.C. § 1404(a), the burden is on the moving party.   Accordingly, defendant must make a clear-cut showing that when all of the interests are considered, trial would more conveniently proceed and the interest of justice would be better served in the other district.   Peyser v. General Motors Corp., 158 F.Supp. 526 (S.D.N.Y.1958).   In the case at bar, plaintiff does not reside in the Eastern District of Pennsylvania, and there were no significant contacts within the district.   Therefore, plaintiff's choice of forum is given considerably less weight than it would ordinarily have received. Newfield v. Nicholson File Co., 210 F. Supp. 796 (E.D.Pa.1962).

█  Factors to be considered in a motion to transfer are:

".   .   .   the relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of unwilling witnesses; the possibility of a view of the scene of accident; the enforcement of judgment obtained; the state of the court calendar in both districts; the burden of a jury duty on a community having no relation to the litigation and all other practical problems that make the trial of the case easy, expeditious and inexpensive."   Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L. Ed. 1055 (1947).

In this regard, all of the records of the defendant concerning the SS BEN MOREELL are located in Cleveland; none of the potential witnesses, except for possibly plaintiff's medical witnesses, are within the subpoena power of the Eastern District of Pennsylvania.   If these witnesses are to be reached by the subpoena power of any court, the highest likelihood is from that of the North-

ern District of Ohio, since Cleveland is the home port of the SS BEN MO-REELL.

Plaintiff points out that ordinarily in support of a motion to transfer, defendant must assert with specificity the names and subject matter of potential witnesses. However, in the case at bar, we feel it is highly inequitable to allow the plaintiff to defeat a motion to transfer because he has not, to this point, informed the court or the defendant of his theory of liability and the particulars of how the accident in question occurred.

Taking all the factors in this case, we feel that transfer is appropriate. *See* Johnson v. Smith Meal Co., 160 F.Supp. 208 (E.D.N.Y.1958); Gomino v. Mississippi Shipping Co., Inc., 217 F. Supp. 895 (S.D.N.Y.1963); Bounds v. Streckfus Steamers, Inc., 89 F.Supp. 242 (D.C.Del.1950). Accordingly, we will grant defendant's motion to transfer the case to the Northern District of Ohio.