**Walter CONWAY Plaintiff**

v.

**LENZING AKTIENGESELLSCHAFT**
**Defendant**

**No. 1:01 CV–733.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 25, 2002.

John Mark Smith, Williams Bailey Law Firm, Houston, TX, for Plaintiff.

Thomas B. Taylor, Taylor & Warren, Houston, TX, for Defendants.

## ORDER

COBB, District Judge.

Before the court is defendant's Motion to Transfer Venue. The court having reviewed the motion and response on file, is of the opinion that the motion should be GRANTED.

Plaintiff Walter Conway was employed by Van Leer Flexibles, L.P., and was working at its facility in Houston, Texas, when an accident occurred on April 21, 2000. Plaintiff allegedly sustained personal injury while operating a machine manufactured by defendant Lenzing Aktiengesellschaft, a German corporation. Plaintiff filed this suit against the defendant in the Eastern District of Texas based upon diversity jurisdiction.

Defendant has made a Motion to Transfer Venue to the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a).

Plaintiff responds by alleging that 28 U.S.C. § 1391(d), which allows suit to be brought against an alien in any federal district, establishes that venue is proper in the Eastern District and that plaintiff's selection of forum should control. The court disagrees.

 In determining whether to transfer venue, the court should balance two categories of interest: 1) the convenience of the litigants, and 2) the public interest in fair and efficient administration of justice. *Robertson v. Kiamichi RR Co., L.L.C.*, 42 F.Supp.2d 651, 655 (E.D.Tex.1999). This court has recently addressed these factors in the similar case of *Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673 (E.D.Tex.2001). In *Hanby*, this court held that where the plaintiff's chosen forum has no factual nexus to the case and none of the parties reside in that forum, that choice carries very little significance if other factors weigh in favor of transfer. *Hanby*, 144 F.Supp.2d at 677, 679.

This case has no factual nexus to Beaumont. The accident occurred in Harris county. The plaintiff resides in Harris county. Both parties to the suit are represented by attorneys located in Harris county. Many of the witnesses are located within Harris county.

Given the minimal weight deserved by the plaintiff's choice of forum in this case, wherein none of the parties reside in Beaumont and where there is no factual nexus to Beaumont, and given that there is no judicial efficiency concern created by transfer, the relative weight of the remaining factors lead this court to conclude this action more properly belongs in the Houston division of the Southern District of Texas. This ruling is in accord with prior rulings of this court and several other courts of this district. It is therefore,

ORDERED, that defendant's motion to transfer venue is GRANTED, and this case and all other filings and pending motions are hereby TRANSFERRED to the Houston division of the Southern District of Texas.