**Randall K. ROBERTSON**

v.

**KIAMICHI RAILROAD CO., L.L.C.**

**No. 1:98–CV–1765.**

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 22, 1999.

Gilbert Timbrell Adams, III, Attorney at Law, Beaumont, Tx, for Randall K. Robertson, Eric Davis Holland, Rathmann & Francis, St. Louis, MO, for Randall K. Robertson, plaintiff.

John Robert Mercy, Atchley, Russell, Waldrop & Hlavinka, Texarkana, TX, for Kiamichi Railroad Company LLC, defendant.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SCHELL, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge,

at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence.

The Magistrate Judge recommended that venue should be transferred to the Paris division of the eastern district of Texas or alternatively to the eastern district of Oklahoma, Muskogee division. Plaintiff filed an objection to transfer of the suit to the eastern district of Oklahoma. Neither party objects to a transfer of the case to the Paris division of the eastern district of Texas.

The court has considered the magistrate judge's report and conducted a *de novo* review of plaintiff's objections. Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** It is therefore

**ORDERED** and **ADJUDGED** that defendant's motion to transfer venue is **GRANTED,** and the case is transferred to the Paris division of the eastern district of Texas.

*REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION TO TRANSFER VENUE*

HINES, United States Magistrate Judge.

This personal injury action is brought under the Federal Employees Liability Act ("FELA"), 45 U.S.C. §§ 51–59 (1998). Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (1998).

The action is referred to the undersigned for all pretrial matters pursuant to Title 28, United States Code section 636(b) and Local Rules for Assignment of Duties to Magistrate Judges. This report addresses Kiamichi's motion to transfer ven-ue for convenience of the parties and witnesses, and in the interest of justice.

## I. BACKGROUND

Plaintiff, Randall K. Robertson, alleges he received hearing loss injuries while employed as a dispatcher for Kiamichi at its place of business in Hugo, Oklahoma. (Compl. ¶ 7.) Plaintiff's residence and principal place of employment are in Hugo, Oklahoma.

Defendant is Kiamichi Railroad Company, L.L.C. ("Kiamichi"). Kiamichi is incorporated in Delaware and is licensed to do business in both Oklahoma and Texas. (Def.'s Mot. to Transfer Venue, Shaffer Aff. ¶ B.) Kiamichi's principal place of business is in Hugo, Oklahoma. (*Id.*)

Plaintiff brought this FELA action seeking damages for medical expenses, lost wages and physical pain and suffering. He filed his complaint in the United States District Court for the eastern district of Texas, Beaumont division. Thereafter, Kiamichi filed a motion seeking a transfer of venue under 28 U.S.C. § 1404(a).

## II. MOTION AND RESPONSE

### A. Kiamichi's Motion

Kiamichi argues that this action should be transferred to either the eastern district of Oklahoma, Muskogee division, or the eastern district of Texas, Sherman division, for convenience of witnesses, reduction in costs and public interest concerns. *See* 28 U.S.C. § 1404(a). Kiamichi argues that the alleged injuries took place in Hugo, Oklahoma, the plaintiff resides in Oklahoma and all witnesses, with the exception of experts, reside in the eastern district of Oklahoma. The defendant concludes that because no operative facts occurred in Texas, transfer of venue is proper.

### B. Plaintiff's Response

Plaintiff opposes on three grounds. First, he contends that Kiamichi does busi-

ness within the eastern district of Texas and therefore venue is proper in the Beaumont division. Second, plaintiff argues that in a FELA action, plaintiff's choice of forum should be given especially great weight. Finally, plaintiff asserts that neither of the defendant's proposed venues would result in a greater convenience to litigants and witnesses.

Plaintiff states that Kiamichi operates freight service from Hope, Arkansas, through Lakeside, Oklahoma, to Paris, Texas, where it connects with Texas Northeastern Railroad. Further, plaintiff proffers an affidavit from James Shaffer, the Secretary/Treasurer of Kiamichi, who states Kiamichi has 17 miles of railroad track going from Paris, Texas to the Oklahoma border. (Pl.'s Resp. to Def.'s Mot. to Transfer Venue at 2, 3.)

As to convenience, plaintiff argues that there is no one forum that clearly results in more convenience to the litigants. (Id. at 3.) Plaintiff claims that both of defendant's proposed venues "would also involve travel and other costs." (Id.) Therefore, travel and costs are similar between the chosen venue and those proposed by the defendant. (Id. at 5.) Additionally, plaintiff alleges that his chosen forum is convenient because some witnesses are located in Paris, Texas, part of the eastern district. Plaintiff states that he received medical evaluation and treatment in Paris, Texas and expects to call one or more of these treating medical personnel as witnesses. Altogether, plaintiff claims that witnesses are located in Hugo, Oklahoma; Ashdown, Arkansas; and Paris, Texas. (Pl.'s Resp. to Def.'s Mot. to Transfer Venue at 3.)

In response to defendant's argument that the Sherman division of the eastern district is a more convenient forum, the plaintiff contends that there is no connection between the Sherman division and the instant suit. (Id. at 3.)

## III. LEGAL BACKGROUND

### A. Venue Under FELA

FELA provides the exclusive source of recovery for employees of interstate railroads injured or killed during their employment. See New York R.R. Co. v. Winfield, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045 (1917). FELA actions are governed by venue provisions recited in 45 U.S.C. § 56. They may be brought "in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing the action." 45 U.S.C. § 56.

### B. Motion To Transfer Venue Under 28 U.S.C. § 1404

■ In 1948, Congress enacted 28 U.S.C. § 1404(a), a transfer of venue statute, to permit transfer of cases for convenience or in interests of justice.[1] Congress cited a FELA case as an example of the need for such a provision,[2] and courts have consistently held that § 1404(a) applies to all actions, not just those listed in the general venue provisions. See, e.g., Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949) (the statutory language "any civil action" found in § 1404(a) has broad applicability). Specifically, section 1404(a) applies in FELA actions. Id. at 62, 69 S.Ct. at 949.

■ Under section 1404(a), the burden is on the moving party to establish

1. Title 28 U.S.C. § 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a)

2. See Norwood v. Kirkpatrick, 349 U.S. 29, 33, 75 S.Ct. 544, 547, 99 L.Ed. 789 quoting Revis-

er's Notes to 45 U.S.C. § 56. Congress cited the case of Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28 (1941), as a reason that a venue transfer statute was necessary. Kepner was an action prosecuted under FELA in New York, although the accident occurred and the employee resided in Ohio. Id.

why there should be a change of forum. *See Enserch Int'l. Exploration v. Attock Oil Co.,* 656 F.Supp. 1162, 1167 n. 15 (N.D.Tex.1987). Moreover, there is a "strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Schexnider v. McDermott Intern., Inc.,* 817 F.2d 1159, 1163 (5th Cir.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987).

■■■ When deciding whether to transfer venue, the trial court must exercise its discretion in light of the particular circumstances of the case. *See Radio Santa Fe v. Sena,* 687 F.Supp. 284, 287 (E.D.Tex. 1988). The court should balance two categories of interests when determining whether to transfer venue: (1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice. *See International Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996); *Walter Fuller Aircraft Sales v. The Repub. of the Philippines,* 965 F.2d 1375, 1389 (5th Cir.1992).

■■■ Convenience factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the location of counsel; (5) the cost of obtaining the attendance of witnesses; (6) the accessibility and location of sources of proof; and (7) the possibility of delay and prejudice if transfer is granted. *See, e.g., Lindloff v. Schenectady Intern.,* 950 F.Supp. 183, 185–186 (E.D.Tex.1996) (weighing a combination of factors). All of these factors have relevance to the instant case.

■■■ Public interest factors consist of (1) the administrative difficulties caused by court congestion, (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Walter Fuller Aircraft Sales,* 965 F.2d at 1389.

## IV. APPLICATION AND ANALYSIS

### A. Kiamichi "Does Business" Within the Eastern District of Texas

■■■ The first inquiry is whether the venue selected by plaintiff is permitted under FELA's venue provisions.

Congress, in enacting 45 U.S.C. § 56, unequivocally meant to enable suits to be brought wherever a railroad's operations are conducted, including the operating of trains and maintaining traffic offices. *See Miles v. Illinois Cent. R. Co.,* 315 U.S. 698, 702, 62 S.Ct. 827, 829, 86 L.Ed. 1129 (1942).

According to Kiamichi (i.e., Secretary/Treasurer's Affidavit), the company has a certificate to do business in Texas and owns and operates 17 miles of railroad track from Paris, Texas to the Oklahoma border. (Def.'s Mot. to Transfer Venue, Shaffer Aff. ¶ B.) The Paris, Texas locale where defendant owns railroad track and operates freight service is located within the eastern district of Texas. *See* 28 U.S.C. § 124(c)(4) (1993). Thus, Kiamichi's business activities in the Paris, Texas area fit within the congressionally intended scope of "doing business" under 45 U.S.C. § 56.

### B. Plaintiff's Choice of Forum

■■■ The second inquiry is whether to defer to the plaintiff's choice of forum. As stated earlier, courts generally concur that there is a strong presumption favoring plaintiff's choice of forum. Since enactment of 28 U.S.C. § 1404(a), the amount of weight courts confer on plaintiff's choice of forum has been somewhat obscure:

[C]ourts have developed a bewildering variety of formulations on how much weight is to be given to plaintiff's choice of forum. Some courts say ... that it is the paramount or primary consideration.... Other cases take a less than enthusiastic view of the weight to be given plaintiff's choice.... [where plain-

tiff] chooses a forum with no obvious connection to the case.

15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3848 (1986) (footnotes omitted). In any event, it is safe to say that ordinarily plaintiff's choice of forum is given significant weight and will not be disturbed unless the other factors (see part IV.C, infra) weigh substantially in favor of transfer.[3]

It is not as innocuous to accept plaintiff's suggestion that because this is an action brought under FELA, his choice of venue should be entitled to even greater weight than in other civil cases. Footnote dictum in Konovsky v. Baltimore & O.R. Co., 185 F.Supp. 325, 327 n. 1 (D.Pa.1960), suggests that a plaintiffs choice of forum might carry more weight in a FELA action as compared to an ordinary personal injury claim. However, Konovsky was not a FELA action, and its dictum has not been cited or followed in other cases.

 To the contrary, rules applicable to ordinary civil cases are applied to FELA cases in this district and elsewhere. See Fletcher v. S. Pacific Transp. Co., 648 F.Supp. 1400, 1404 (E.D.Tex.1986) (In a FELA action where none of the operative facts occur within the plaintiff's originally selected forum, the plaintiff's choice is entitled to only minimal consideration); see also Lands v. St. Louis Southwestern R.R. Co., 648 F.Supp. 322, 324 (E.D.Tex.1986); Franklin v. Southern Ry. Co., 523 F.Supp. 521, 524 (D.D.C.1981). Thus, as a general rule, when the plaintiff does not reside in his chosen forum nor have any operative facts occurred within the forum, the plaintiff's choice is entitled to less consideration notwithstanding that it is a FELA action. See Reed v. Fina Oil and Chemical Co.,

995 F.Supp. 705, 714 (E.D.Tex.1998) (holding that "deference to plaintiff's choice of forum disappears when the lawsuit has no connection . . . to the venue chosen"); see also Lindloff, 950 F.Supp. at 185; Fletcher, 648 F.Supp. at 1404; Lands, 648 F.Supp. at 324.

Here, the plaintiff's chosen forum has no factual nexus to the case. Under this circumstance, the greater weight of authority instructs that plaintiff's choice of forum carries little significance if other factors weigh in favor of transfer.

### C. Factor Analysis

The third inquiry is whether convenience of the litigants and public interests in fair and efficient administration of justice clearly favor venues advocated by Kiamichi.

Kiamichi proposes the eastern district of Oklahoma, Muskogee division, and, alternatively, the eastern district of Texas, Sherman division, as more convenient and appropriate trial venues. A basis for Muskogee venue is obvious. The parties reside in that division, and the alleged injury and wrongdoing also occurred there.

Kiamichi does not articulate any reasons why the Sherman division is an appropriate venue, nor does it contest plaintiff's assertion that the Sherman division has no factual nexus whatsoever with this case. Notwithstanding, this report presumes that Kiamichi actually meant to suggest transfer to the Paris division of the eastern district of Texas. That is where Kiamichi admittedly does business. Paris division cases usually are tried at the federal courthouse in Sherman.[4] Therefore, the ensuing analysis will analyze convenience and public interest factors as they apply to

---

**3.** See Schexnider v. McDermott Int'l, Inc., 817 F.2d 1159, 1162 (5th Cir.) cert. denied 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987) ("plaintiff's choice of forum should rarely be disturbed"); see also State Street Capital Corp. v. Dente, 855 F.Supp. 192, 197 (S.D.Tex.1994) (plaintiff's choice of forum entitled to "great deference").

**4.** Pursuant to 28 U.S.C. § 462(f) (1993), in September 1995 the Judicial Conference of the United States approved the closure of the Paris, Texas courthouse.

venues in the eastern district of Texas, Beaumont and Paris divisions, and eastern district of Oklahoma, Muskogee division. When considering Paris division venue, however, the distance to the federal courthouse in Sherman will be taken into account.

### 1. Convenience Factors

#### a. Plaintiff's Choice of Forum

Plaintiff's chosen forum has no factual nexus to this case. Thus, deference to plaintiff's choice of forum is lessened. (*See* part IV.B, *supra*) The only connection between plaintiff and the Beaumont division of the eastern district is that plaintiff's counsel resides in the Beaumont division.

#### b. Convenience of Parties and Witnesses

The logical starting point for analyzing convenience is to consider the parties' residences. *See U.S. Fidelity & Guar. Co. v. Republic Drug Co., Inc.*, 800 F.Supp. 1076, 1080 (E.D.N.Y.1992). Both plaintiff and defendant reside in Hugo, Oklahoma. Hugo, Oklahoma is approximately 314 miles from the federal courthouse in Beaumont, Texas, and approximately 141 miles from the federal courthouse in Muskogee, Oklahoma. Hugo is only 26 miles from Paris, Texas, and only 83 miles from the Sherman, Texas, courthouse, where Paris division cases ordinarily are tried.[5]

This factor clearly weighs in favor of transferring venue from Beaumont to one of the venues suggested by Kiamichi. In terms of distance, Paris and the courthouse in Sherman are closer to the parties' residences than Muskogee. However, there is a difference of only about 60 miles between travel distance from Hugo, Okla-

homa, to Sherman and Muskogee. This is not a significant disparity. Thus, the residence-of-parties factor slightly favors transfer to the Paris division of the eastern district of Texas.

Next, venue often is considered convenient in the district or division where the majority of witnesses are located. *See Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex.1994). No witnesses reportedly reside within the Beaumont division of the eastern district of Texas. According to plaintiff, witnesses reside in Hugo, Oklahoma, Paris, Texas, and Ashdown, Arkansas. Moreover, it is logical to assume that the majority of fact witnesses and documentary evidence are located in Hugo, Oklahoma, because the alleged injury took place there.

Looking at the location of witnesses according to plaintiff, it is self-evident that the witnesses who reside in Paris, Texas, would find a Paris division trial more convenient. The witnesses from Hugo, Oklahoma, would find a Paris division trial more convenient. Finally, the Paris division and the federal courthouse in Sherman, Texas, are closer to Ashdown, Arkansas, than either Beaumont or Muskogee.[6]

Thus, analyzing the convenience of witnesses results in the same conclusion as for residence of the parties. It clearly favors transfer to one of the alternate fora proposed by Kiamichi. Further, there is a slight but not significant preference for transfer to the Paris division of the eastern district of Texas.

#### c. Place of alleged Wrong

The alleged wrong did not occur in the Beaumont division of the eastern district of Texas. Instead, it occurred in Hugo,

---

**5.** All distances are derived from CD–ROM: AAA Trip Planner (Compton's Newsmedia 1994).

**6.** Distances from Ashdown, Arkansas, to the various proposed venues are as follows:

To Beaumont: 280 miles

| To Muskogee | 213 miles |
| To Sherman | 198 miles |
| To Paris | 108 miles |

CD–ROM: AAA Trip Planner (Compton's Newsmedia 1994).

Oklahoma, within the eastern district of Oklahoma. The Muskogee division is within the eastern district of Oklahoma. This factor favors venue in Muskogee. However, as noted earlier, the Paris division of the eastern district of Texas, where venue also is proper, is closer, and the nearest federal courthouse in Sherman, Texas, also is closer.

### d. Location of Counsel

██ The location of counsel, while a factor in deciding whether to transfer, is given little weight as compared to the other convenience factors. *See Reed*, 995 F.Supp. 705, 715. Plaintiff's counsel is located in Beaumont, Texas while defendant's counsel is located in Texarkana, Texas. Neither the proposed venues nor the current venue would be particularly convenient or inconvenient for both counsel.

### e. Cost of Obtaining Attendance of Witnesses

Based on the distances reported earlier, it is clear that the Beaumont federal courthouse is the most distant forum from the parties and witnesses. Thus, witness travel costs will be more if the trial occurs in Beaumont than either of the proposed venues. The Sherman federal courthouse is closer to Hugo, Oklahoma, Paris, Texas and Ashdown, Arkansas than Muskogee. Thus, witness travel expenses will be less if venue is transferred to the Paris division, even if trial occurs in Sherman. Moreover, it is less likely that Hugo, Oklahoma witnesses will require overnight lodging and sustenance if the trial occurs in Sherman than if it occurs in Muskogee.

### f. The Accessibility and Location of Sources of Proof

The subpoena power of each possible venue plays a significant role in the accessibility of witnesses and other sources of proof. Subpoenas are governed by Rule 45 of the Federal Rules of Civil Procedure. Under that rule, the federal court sitting in Beaumont would have subpoena power over only non-party witnesses located in Paris, Texas.[7] However, even these witnesses might move to quash the subpoena because they would have to travel more than 100 Miles.[8] The Muskogee division would have subpoena power over only Hugo, Oklahoma, witnesses, subject to motions to quash on the same ground. None of the possible fora would have subpoena power over witnesses in Ashdown, Arkansas.

The Paris division court would have authority to issue enforceable trial subpoenas for witnesses who reside in both Paris and Hugo. Because both Paris and the federal courthouse in Sherman are less than 100 miles from Hugo, a subpoena issued by the Paris division would not be subject to a motion to quash. Thus, because the Paris division would have subpoena authority, not subject to a motion to quash, over more potential witnesses than any of the other proposed fora, this factor favors transfer to the Paris division.

### g. Possibility of Delay and Prejudice

Plaintiff does not argue any delay or prejudice that would arise from a transfer. The complaint was filed on July 24, 1998. The action is not yet set for trial and many preliminary matters have yet to be competed (e.g., management conference has not been held, discovery not begun, etc.).

---

7. FED.R.CIV.P. 45(b)(2) provides in part:
 "[A] subpoena may be served at any place within the district of the court by which it is issued, or at any place ... within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.

FED.R.CIV.P. 45(b)(2).

8. Under FED.R.CIV.P. 45(c)(3)(B)(iii), where a non-party must travel more than 100 miles to attend trial, the court may, to protect the person, quash or modify the subpoena. FED. R.CIV.P. 45(c)(3)(B)(iii).

## 2. Public Interest Factors

### a. Administrative Difficulty

This court faces little administrative difficulty if the instant case remains in the Beaumont division. Transfer of the suit should not present any major administrative difficulties either. Thus, this factor neither weighs particularly for or against transfer.

If however, there is to be a transfer, administrative concerns favor transfer to the Paris division. The district judge presiding over the case in Beaumont also presides over the Paris division docket.[9] If the case is transferred to the Paris division of the eastern district of Texas, the same judge will preside. If, instead, the case is transferred to the eastern district of Oklahoma, Muskogee Division, a new judge of that court will preside. This factor favors transfer to the Paris division.[10]

### b. Localized Interests in Resolving Localized Controversies

As noted, both plaintiff and defendant are residents of Hugo, Oklahoma. These facts, coupled with plaintiff's allegation that his injuries occurred at the defendant's place of business in Hugo, Oklahoma clearly indicate a close nexus between the plaintiff's injury and the city of Hugo, Oklahoma. As such, the citizens of the eastern district of Oklahoma have a strong local interest in resolving this controversy. There is no corresponding local interest in the Beaumont and Sherman divisions of the eastern district of Texas. There is at least some local interest in the Paris division because Kiamichi does business in the Paris division.

### c. Jurors

The same holds true with regard to the burdens of jury duty. Because all of the operative facts occurred in Hugo Oklahoma, and the parties and most witnesses reside there, citizens of the Beaumont division of the eastern district of Texas should not be burdened with jury duty. Citizens of the eastern district of Oklahoma and, to a lesser extent, citizens of the Paris division of the eastern district of Texas may in fairness be asked to decide disputed facts in this case.

### d. Conflict of Laws

Because the instant case is an action brought under a federal statute, this factor is inapplicable.

## V. CONCLUSION

The eastern district of Texas, Beaumont division, has no factual nexus to the case. Defendant has shown that convenience of the litigants and witnesses along with the public interest factors, in aggregate, will be best served by a transfer of the case to either the Muskogee division of the eastern district of Oklahoma or the Paris division of the eastern district of Texas. Therefore, the motion to transfer venue should be granted.

As between the two proposed alternative venues, a transfer to the Paris division best serves convenience of the parties and witnesses. Public interest factors favor transfer to Muskogee, but also permit transfer to the Paris division. On balance, transfer to the Paris division of the eastern district of Texas is the best option.

## RECOMMENDATION

Defendant's motion to transfer venue should be granted. Venue should be transferred to the Paris division. Alternatively, the action should be transferred to the eastern district of Oklahoma, Muskogee division.

---

**9.** *See General Order No. 98–5 assigning civil and criminal actions in the eastern district of Texas.)*

**10.** *(Id.)* (Assigning 100% of Paris, Texas cases to District Judge Richard A. Schell.

## OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R.CIV.P. 6(a), 6(b), 72(b).

A party's failure to object bars that party from (1) entitlement to de novo review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

December 17, 1998.