**Charles DAY Plaintiff**

v.

**BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY and East Texas Anchor Services, Inc. D/B/A East Texas Swabbing and Rental, Chad Veevers Defendants**

No. 1:01–CV–361.

United States District Court, E.D. Texas, Beaumont Division.

Dec. 18, 2001.

James A. Morris, Jr., Provost & Umphrey, Beaumont, TX, Arthur Sadin, Youngdahl & Sadin, Friendswood, TX, Rodney Allen Townsend, Provost & Umphrey, Friendswood, TX, for plaintiff.

Mainess Gibson, Gibson & Associates, Houston, TX, for Burlington Northern Railway, defendant.

Malcolm Guy Renwick, Renwick & Pierret, Arlington, TX, for East Texas Anchor and Charles L. Veevers defendants.

### ORDER

COBB, District Judge.

Before the court are defendants' motions to transfer venue (doc.# 3, 6, 14). The court having reviewed the motions and responses on file, is of the opinion that the defendants' motions should be GRANTED.

Plaintiff Charles Day is a railroad worker employed by defendant Burlington Northern Santa Fe Railway ("BNSF"). On March 13, 2000, Mr. Day was the engineer on a train owned by BNSF that collided with a water truck owned by defendant East Texas Swabbing and Rental. The driver of the truck was East Texas Swabbing employee Chad Veevers, also a defendant in this suit.

Plaintiff claims as a direct and proximate result of all defendants' collective negligence, plaintiff sustained a severe back injury and is permanently disabled.

Plaintiff filed suit against BNSF under the Federal Employers' Liability Act and against East Texas Swabbing and Mr. Veevers for common law negligence.

■ In determining whether to transfer venue, the court should balance two categories of interest: 1) the convenience of the litigants, and 2) the public interest in fair and efficient administration of justice. *Robertson v. Kiamichi RR Co., L.L.C.*, 42 F.Supp.2d 651, 655 (E.D.Tex.1999). This court has recently addressed these factors in the similar case of *Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673 (E.D.Tex.2001). In *Hanby*, this court held that where the plaintiff's chosen forum has no factual nexus to the case, that choice carries very little significance if other factors weigh in favor of transfer.

■ This case has no factual nexus to Beaumont. The accident occurred south of Donie in Freestone county, Texas. Charles Day and most of the witnesses reside in Freestone county. Defendant East Texas Swabbing has a principal place of business in and defendant Chad Veevers resides in Palestine, Anderson county, Texas. Defendant BNSF has a principal place of business in Tarrant county, Texas.

Given the minimal weight deserved by the plaintiff's choice of forum in this case, wherein none of the parties reside in Beaumont and where there is no factual nexus to Beaumont, the relative weight of the remaining factors lead this court to conclude this action more properly belongs in the Waco division of the Western District of Texas. This ruling is in accord with prior rulings of this court and several other courts of this district. It is therefore,

ORDERED, that defendants' motions to transfer venue are GRANTED, and this case and all other filings and pending motions are hereby TRANSFERRED to the Waco division of the Western District of Texas.