William SHOEMAKE, Plaintiff,

v.

UNION PACIFIC RAILROAD CO., Defendant.

No. 1:02–CV–359.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 31, 2002.

Joe J. Fisher, II, Provost & Umphrey, Beaumont, TX, for Plaintiff.

Benton Randall Bond, Union Pacific Railroad Company, Houston, TX, for Defendant.

### MEMORANDUM ORDER AND OPINION

RADFORD, United States Magistrate Judge.

Before the Court is Defendant Union Pacific Railroad Company's ("Union Pacific") *Motion to Transfer Venue* to the Western District of Louisiana, Lake Charles Division [docket # 6]. Plaintiff, William Shoemake, has filed his *Response to Defendant Union Pacific Railroad Company's Motion to Transfer Venue* [# 7].

### FACTUAL AND PROCEDURAL HISTORY

This case arises out of alleged injuries that Plaintiff sustained on August 21, 2001, while working as a conductor/switchman for Union Pacific. *See Plaintiff's Original Complaint* [# 1]; *Joint Case Management Plan* [# 8]. Plaintiff alleges that he was injured when he fell from a moving railcar. The incident at issue occurred at a train yard in Lake Charles, Louisiana. Plaintiff has asserted his negligence claims under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.*

Defendant argues in its *Motion to Transfer Venue* that an application of 28 U.S.C. § 1404(a) (the change of venue statue) and the pertinent factors weigh in favor of transferring this matter to Western

District of Louisiana. Plaintiff contends that venue is proper in the Eastern District of Texas, Beaumont Division, under the 1404(a) analysis and *Mohamed v. Mazda*, 90 F.Supp.2d 757 (E.D.Tex.2000).

This case has been transferred to the undersigned United States Magistrate for adjudication pursuant to 28 U.S.C. § 636(c). The referral was ordered by the Honorable Thad Heartfield [# 11], upon consent of the parties.

## DISCUSSION

### A) Proper Venue for FELA Actions

FELA is a special venue statute. A FELA action "may be brought in a circuit [district] court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C. § 56. Obviously, to be considered at all, the plaintiff's choice of forum must be one which is permitted under the relevant venue statute. *In re Horseshoe Entertainment*, 305 F.3d 354, 359 (5th Cir.2002). Here, both the plaintiff's choice of forum (Eastern District of Texas) and the Western District of Louisiana are proper venues for this action because both are districts in which Union Pacific was conducting business "at the time of commencing such action." 45 U.S.C. § 56. It is uncontroverted that Plaintiff's cause of action "might have been brought" in the Western District of Louisiana, Lake Charles Division. *See* 28 U.S.C. § 1404(a); *Lands v. St. Louis Southwestern R.R. Co.*, 648 F.Supp. 322, 324 (E.D.Tex.1986). Because both districts meet the requirements of the FELA special venue provision, the burden is on the Defendant as movant to establish that transfer of venue under 28 U.S.C. § 1404 is proper.

### B) Transfer of Venue Under 28 U.S.C. § 1404

The goal of § 1404 "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (citations omitted). Accordingly, any party may call upon the court to consider whether a more appropriate forum exists. The court is empowered to transfer an action to another federal venue under Section 1404. 28 U.S.C. § 1404(a); *Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 676 (E.D.Tex. 2001). It is within the sound discretion of the court to decide to transfer venue. *Hanby*, at 676 (citing 28 U.S.C. § 1404(b); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988); *Gajeske v. Wal–Mart Stores, Inc.*, 2000 U.S. Dist. LEXIS 6158, at *10 (E.D.Tex. Apr. 5, 2000)).

Section 1404 applies to FELA actions. *See Robertson v. Kiamichi R.R. Co.*, 42 F.Supp.2d 651, 654 (E.D.Tex.1999). As the parties agree, the burden is on the moving party (here, Defendant Union Pacific) to demonstrate why there should be a change of forum. *Id.* To prevail on its motion to transfer venue, the movant must demonstrate that the balance of convenience and justice substantially weighs in favor of transfer. *Mohamed v. Mazda*, 90 F.Supp.2d 757, 768 (E.D.Tex.2000)(citing *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1165 (S.D.Tex.1994)).

The Court emphasizes that when deciding whether to transfer venue, discretion must be exercised in light of the particular circumstances of the case. *Robertson*, 42 F.Supp.2d at 655. Section 1404(a) is intended to place discretion in the court to adjudicate motions for transfer according to an "individualized, case-by-case consid-

eration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)(quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). *See also Mohamed,* at 768; *Jam Strait, Inc. v. American Prods. Co., Inc.,* 2002 WL 31246566, No. 02–2055, 2002 U.S. Dist. LEXIS 18956, at *3 (E.D.La. Oct. 4, 2002). Therefore, however analytically "prophetic"[1] a particular case may be, precedent requires that this court's focus remain on the factual context of the particular case at hand. As a result of the case by case approach, factual dissimilarities between *Mohamed,* for example, and this case are likely to lead to a differing conclusion upon application of the 1404(a) factors. The Court emphasizes that because transfer to an alternate forum is to be considered on such an individualized and factually-driven basis, "such a decision ultimately falls within the district court's sound discretion." *Jam Strait,* at *4 (citing *Stewart,* 487 U.S. at 22, 108 S.Ct. 2239).

The case-specific factors that a court must apply to a motion to transfer fall into two categories of interests: (1) the convenience of the litigants and (2) the public interests in the fair and efficient administration of justice. *Robertson,* 42 F.Supp.2d at 655; *In re Triton Ltd. Sec. Litig.,* 70 F.Supp.2d 678, 688 (E.D.Tex.1999)(citing *International Software Sys. Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996)). This factor-based method of analysis originated in *Gulf Oil Corp. v. Gilbert*[2] and has been applied to transfer of venue issues by the Fifth Circuit and courts within this district. *See, e.g., Mohamed; Robertson; Hanby; International Software Sys.; Walter Fuller Aircraft Sales v. Repub. of Philippines,* 965 F.2d 1375, 1389 (5th Cir.1992). Both parties agree on the application of the 1404 factors. They have been thoroughly set out in the briefings before the Court. Accordingly, the undersigned will only set out the factors as part of the legal analysis.

## C) *Factor Analysis*

(1) Convenience Factors

a) Plaintiff's Choice of Forum[3]

■ The Fifth Circuit has clearly stated that a plaintiff's choice of forum is a factor to be considered but that in and of itself this factor is **neither conclusive nor determinative.** *In re Horseshoe Entertainment;* 305 F.3d 354, 359 (5th Cir.2002)(citing *Garner v. Wolfinbarger,* 433 F.2d 117, 119 (5th Cir.1970))(emphasis added). The general rule that the plaintiff's choice of forum is not to be disturbed does not obtain where it is clearly outweighed by other factors. *Mizell v. Prism Computer Corp.,* 27 F.Supp.2d 708, 713 (S.D.Miss.1998)(citing *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir.1981)). Where the plaintiff's chosen forum has no factual nexus to the case, that choice caries little significance **if other factors weigh in favor of transfer.** *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 677 (E.D.Tex.2001)(citing *Robertson v. Kiamichi R.R. Co.,* 42

---

**1.** *See Plaintiff's Response to Motion to Transfer,* p. 9.

**2.** 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The Court points out that *Gilbert* involved a common law *forum non conveniens* issue which is to be distinguished from a transfer under 1404. District courts are given greater discretion to transfer in 1404 cases than they are to dismiss in *forum non conve-* *niens* cases. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955). *Gilbert* merely articulated the public and private interest factors to be considered.

**3.** While *Mohamed* and *Robertson* did address plaintiff's choice of forum as the first factor of analysis, the chronological order of analysis here must not be misinterpreted as an indication of the relative importance of the factors.

F.Supp.2d at 656 (E.D.Tex.1999))(emphasis added). While the court generally will defer to the plaintiff's choice of forum where factually justified, the plaintiff's choice of forum will be given close scrutiny where, as here, the plaintiff does not live within the Division of the Court. *Dearing v. Sigma Chem. Co.*, 1 F.Supp.2d 660, 665 (S.D.Tex.1998)(citing *United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex.1986)).

Plaintiff attempts to argue away the aforementioned precedent by contending that the "disappearing deference" standard as applied to plaintiff's choice of forum was "laid to rest" by *Mohamed. See Plaintiff's Response to Motion to Transfer*, p. 2. While this characterization of *Mohamed* may be true, this argument does not carry significant merit when the case law clearly weighs against the amount of sacrosanctity with which Plaintiff regards his choice of forum. The fact remains that the undersigned finds guidance from the Fifth Circuit mandating that the amount of deference given to a chosen forum should not yield an absolute determination in this case, contrary to Plaintiff's wishes. *See Horseshoe*, 305 F.3d at 359.

Plaintiff's reliance on *Mohamed* is also less persuasive when it is factually distinguishable from the case at hand. Plaintiff contends that *Mohamed* squarely rejects Defendant's "erroneous" suggestion that "when the plaintiff does not reside in his chosen forum nor have any operative facts which occurred within the forum, the plaintiff's choice is entitled to only minimal consideration." *See Plaintiff's Response*, at p. 2 (citing *Defendant's Motion to Transfer*). This assumed "rejection" is not exactly as Plaintiff construes it in the context of this proceeding. While the Honorable Judge Heartfield may indeed have found that the choice of forum should be given greater deference on the facts of

*Mohamed,* this Court is not compelled to reach the same conclusion on the facts of *this* case. In *Mohamed,* the Court did find a nexus of connection between the case and the Marshall Division of the Eastern District of Texas, where venue was retained. The undersigned finds no such nexus here. Additionally, the plaintiffs in that case may have been residents of Marshall. Mr. Shoemake is undisputedly NOT a Beaumont resident. He resides in Louisiana. Therefore, *Mohamed* is factually distinguishable. The heightened level of deference afforded to the plaintiff's choice of forum in that case is not warranted here.

In contrast, *Hanby* and *Robertson* provide guidance simply because those opinions are more on point with Mr. Shoemake's case. *Robertson* was also a FELA case. Both factual scenarios involved plaintiffs who were not residents of the chosen forum. In fact, Judge Cobb's application of the choice of forum factor in *Hanby* reads almost verbatim to the outcome of the same factor upon application in this case: "Here, no party or identified witness resides in the Eastern District. There is no nexus of activity within the Eastern District. All such activity took place, and many of the entities exist, in the Southern District."[4] *Hanby,* 144 F.Supp.2d at 677. The same holds true for Mr. Shoemake's case. No facts giving rise to Mr. Shoemake's claims connect his case to the Eastern District of Texas. Mr. Shoemake is not a resident of the Eastern District of Texas. Because the United States Supreme Court has instructed the undersigned to conduct a 1404 analysis on a factually driven, case by case basis (as discussed *supra*), the plaintiff's choice of forum is not afforded the deferential treatment here that it would receive if Plaintiff Shoemake was in fact a resident of his

4. Here, the Western District of Louisiana.

chosen forum, the Eastern District of Texas. While Mr. Shoemake may indeed stipulate that the drive to Beaumont is not an inconvenience for him,[5] the Court is not persuaded that this stipulation outweighs the other factors to be applied which favor transfer. Plaintiff's inclination to file suit in Beaumont, especially when he is a nonresident of this forum, will not be given the presumption of deference for which Plaintiff argues under *Mohamed.*

Having concluded that the choice of forum factor should not receive the deferential treatment that Plaintiff requests, the Court is simply required to analyze the choice of forum factors in conjunction with the other ten factors. This Court will thus look to the other factors to determine their appropriate weight in favor of transfer. *Hanby,* at 677.

b) Convenience and Location of Witnesses and the Parties

The Court has already addressed the location of Plaintiff Shoemake. He specifically resides in DeQuincy, Calcasieu Parish, Louisiana, which falls within the Lake Charles Division of the Western District of Louisiana. Despite his stipulation waiving any inconvenience, the fact remains that the federal courthouse in Lake Charles is approximately thirty-five (35) miles[6] closer to Mr. Shoemake's residence than the Beaumont courthouse.

Although Union Pacific is a Delaware corporation with headquarters in Nebras-

ka, both parties point out that Defendant conducts substantial business in both the Eastern District of Texas and the Western District of Louisiana. Under the FELA special venue statute, discussed *supra,* Union Pacific is thus subject to either forum in terms of its own location. This factor is therefore unaffected by Defendant's location.

In terms of witnesses, venue is considered convenient in the district or division where the majority of witnesses are located. *Robertson v. Kiamichi R.R. Co.,* 42 F.Supp.2d 651, 657 (E.D.Tex.1999). The court is to consider whether substantial inconvenience will be visited upon key fact witnesses should the court deny transfer. *See Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex.1993). Additionally, the convenience of nonparty witnesses is accorded greater weight than that of party witnesses. *See State Street Capital Corp. v. Dente,* 855 F.Supp. 192, 198 (S.D.Tex.1994) (citations omitted).

Defendant has listed its "key" fact witnesses as follows: Randy Woodard and Shannon Doyle, both residing in DeQuincy, Louisiana; Norman LeGlue and S.R. Evans of Lake Charles, Louisiana; Wayne Woodall and Joe Whalen of Livonia, Louisiana and Jack Mann of Beaumont, Texas.[7] *See Defendant's Motion to Transfer,* p. 6. Additionally, Defendant points out that two Lake Charles physicians, Drs. Hathaway and Perry, were involved in the treat-

---

5. *See Plaintiff's Response,* at p. 3.

6. In the interests of efficiency, the Court will rely on the mileage information provided in the parties' pleadings. Plaintiffs' agreement to avoid the "tweaking" of miles is much appreciated.

7. Plaintiff suggests that the convenience of these witnesses should be afforded less consideration because they "saw nothing." However, the Court will not analyze the merits of each witness' testimony at this stage of

the litigation. For transfer purposes, the Court is only to consider the location and convenience of the witnesses. Additionally, the Court does not agree with the Plaintiff's characterization of them as "party witnesses." The employment and contractual relationships between Union Pacific and each witness are not before the Court. Accordingly, the undersigned will not delve into the detailed status of each individual's relationship with Union Pacific for purposes of a 1404(a) motion.

ment of Plaintiff immediately following the accident.

Plaintiff counters, as Defendant concedes, that Dr. Donovan, Plaintiff's treating doctor, is located in Houston, Texas. Plaintiff also argues that it intends to retain Drs. Wilkinson and Hawkins of Beaumont. *See Plaintiff's Response to Motion to Transfer*, p. 5 and *Affidavit of Mark Sparks*, attached to Plaintiff's *Response* as Exhibit 3. However, no evidence has been presented to the Court indicating that these doctors have actually been retained as of the date of this order. Considering that they have not yet been retained, and therefore are unlikely to have expended a great deal of effort on their testimony in this case, it cannot be said that they should be considered "key witnesses" or even witnesses as of this date, for that matter. Plaintiff's statement that he is "in the process of retaining" the Beaumont experts does not persuade this court that they have become actual, key witnesses for purposes of transfer consideration. Even assuming, *arguendo*, that the Court did consider Plaintiff's Beaumont experts as witnesses, the drive to Lake Charles[8] from Beaumont is a mere fifty-eight (58) miles, a drive that Plaintiff himself is more than willing to make. In fact, the inconvenience is minimal enough to result in Plaintiff's stipulation that he is unburdened by the inconvenience of the extra hour spent in the car on Interstate 10.

Therefore, the only "key" witness who would suffer inconvenience upon transfer is Dr. Donovan, who would be forced to travel from Houston to Lake Charles, assuming that he testifies live, rather than via video deposition. While the Court is in agreement that Dr. Donovan is a "key"

witness, seeing as he has treated Plaintiff since August, 2001, it cannot be said that his inconvenience should outweigh that of the fact witnesses and the Lake Charles doctors who saw Mr. Shoemake immediately following the accident and who also should be considered "key" to this case. The Court is required to consider the inconvenience visited upon *key fact* witnesses to the case. *Dupre,* 810 F.Supp. at 825. Defendant has established that every witness, except for Dr. Donovan and one of Defendant's accident investigators,[9] resides in the Western District of Louisiana. Therefore, the Court finds that in the interests of convenience of the witnesses, the Defendant has carried its burden of proving that this factor weighs in favor of transfer.

c) Place of the Alleged Wrong

It is undisputed that the accident in question occurred in Lake Charles, Louisiana. See Defendant's *Motion to Transfer,* p. 7 and *Plaintiffs Response,* p. 6. Therefore, the alleged wrong in fact occurred in Lake Charles, in the Western District of Louisiana. This factor weighs in favor of transfer to the Western District. *See Seabulk Offshore, Ltd. v. Dyn Marine Servs.,* 201 F.Supp.2d 751, 756 (S.D.Tex. 2002); *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 678 (E.D.Tex.2001); *Robertson v. Kiamichi R.R. Co.,* 42 F.Supp.2d 651, 657–58 (E.D.Tex.1999).

d) Location of Counsel

The Fifth Circuit recently characterized this factor as "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe*

---

8. Assuming that these experts testify in person at trial rather than via video deposition.

9. Although keeping a numerical "tally" should not necessarily weigh in the Court's decision,

Defendant has pointed out that one witness resides in Beaumont and one in Houston while eight witnesses, plus the plaintiff, reside in Louisiana.

*Entertainment,* 305 F.3d 354, 358 (5th Cir.2002). In light of this criticism of the location of counsel factor, the Court will not give it equivalent weight in the motion to transfer decision-making process. *See id.*

### e) Cost of Obtaining the Attendance of Witnesses/Cost of Trial

To satisfy its burden on the cost of trial factor, the Defendant has provided a specific listing of witnesses and described the comparative costs depending on whether the trial is held in the Eastern District of Texas or the Western District of Louisiana. *See Motion to Transfer,* p. 8. The Defendant points out that it would cost less to hold trial in Lake Charles than in Beaumont because "a trial in Beaumont would require the Plaintiff, at least six Union Pacific witnesses, and three doctors to travel there." *Id.* In contrast, if the trial where held in Lake Charles, only Dr. Donovan and one fact witness would have to travel to Lake Charles, as addressed *supra.*[10] Plaintiff contends that Beaumont is quite a compromise of all these competing interests. However, the Court is unpersuaded. While the testimony of Dr. Donovan is key to this case, Plaintiff has not provided information in his response sufficient to establish that the travel costs incurred by Dr. Donovan having to testify in Lake Charles do not substantially outweigh the costs of having the Louisiana witnesses travel to Beaumont for trial. Therefore, the Defendant has satisfied its burden on this factor. Consideration of the costs of trial in this matter weigh in favor of transfer to Lake Charles.

### f) Accessibility and Location of Sources of Proof

Sources of proof and medical records located in Houston may be shipped or transported to Lake Charles as easily as they may be shipped or transported to Beaumont. *See Hanby,* 144 F.Supp.2d at 678. It follows that the Lake Charles records can just as easily be transported to Beaumont. Regardless of where trial is held, the parties will need to transport documents either to the Beaumont or Lake Charles courthouse, whether they be Dr. Donovan's records from Houston or the medical records from Lake Charles coupled with the employee and accident records located in Lake Charles. The difference in having to transport these documents to one courthouse over another is seemingly negligible. Additionally, as *Mohamed* noted and Plaintiff points out, we live in an age of fax machines, photocopiers, computers and the Internet in which there is an "increasing ease of communication and transportation." *See Plaintiff's Response,* p. 9 (quoting *Mohamed,* 90 F.Supp.2d at 778). Considering the accessibility and transportability of the records in all of the relevant locales, the Court does not find that this factor heavily favors either party and thus does not carry substantial weight when considered with the other factors.

### g) Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that the factors of delay and prejudice might be relevant in deciding the propriety of transfer, but only in rare and special circumstances and when such circumstances are

---

**10.** Again, the Court does not consider the Beaumont experts that Plaintiff is in the "process of retaining" because there is no proof that these Beaumont residents have actually been designated as expert witnesses. Even if the undersigned factored these witnesses into the costs of trial, the travel of the Louisiana witnesses to Beaumont still outweighs the cost of having the Texas witnesses travel to Louisiana.

established by clear and convincing evidence. *In re Horseshoe Entertainment,* 305 F.3d 354, 358 (5th Cir.2002). Evidence has not been presented suggesting that this is such a rare and special circumstance in which prejudice or delay would result upon transfer. Additionally, it is undisputed that the Western District of Louisiana has a speedier docket than that of the Eastern District of Texas. *See Defendant's Motion,* p. 10, *Plaintiff's Response,* p. 9. While the Court appreciates Plaintiff's faith in its efficiency,[11] Defendant has established that both the median times from filing to disposition and from filing to trial are longer in the Eastern District of Texas than in the Western District of Louisiana. The Court cannot argue with the uncontroverted statistics of the Federal Judiciary. Therefore, in light of the proffered statistics, the Court finds that Defendant has satisfied its burden in establishing that there will not be delay or prejudice suffered in the transfer of this case. According to the Judicial Caseload Profile, the parties will in fact be afforded a speedier proceeding in Lake Charles. This factor weighs in favor of transfer.

**(2) Public Interest Factors**

**(a) Administrative Difficulty**

As discussed *supra,* according to the relevant statistics, this matter will proceed at a faster rate in Lake Charles than in Beaumont. No other "administrative difficulties" that will be incurred due to either transfer or retainer of this case have been presented to the Court. The parties have not indicated that this case is particularly complex or that it will require a lengthy trial. Therefore, this factor neither weighs against nor in favor of transfer.

**(b) Localized Interests in Resolving Localized Controversies**

Because the alleged wrong took place in Lake Charles, Louisiana, and Plaintiff is a resident of Louisiana, the people of the Western District of Louisiana certainly have an interest in adjudicating this dispute. The Court does acknowledge that Union Pacific also conducts business in the Eastern District of Texas. However, this fact is true for the Western District in addition to the facts that the accident occurred there and the Plaintiff, along with several of the witnesses present at the accident site, reside there. Considering the nexus of facts connecting the suit to Lake Charles, the citizens of the Western District of Louisiana have a strong local interest in resolving this suit. Therefore, this public interest factor favors transfer to the Western District of Louisiana.

**(c) Jurors**

Because the Court finds that the citizens of the Western District of Louisiana have a strong interest in adjudicating this suit, it follows that the jury pool of the Western District would be less burdened in deciding this matter. Because the Western District is the forum with the strongest nexus this matter, the jurors of that district have a more substantial interest in adjudicating this dispute. *See Robertson,* 42 F.Supp.2d at 659. Although the balance weighing in favor of the Western District is slight, this factor weighs in favor of transfer.

**d) Conflict of Laws**

The parties are in agreement that this case is governed by federal statute, specifically the Federal Employers' Liability Act. Therefore, any problems associated with a

---

11. See Plaintiff's *Response,* p. 9. Plaintiff's faith also may have been placed in the "speed and efficiency" of the Honorable Thad Heart-field's Court, as this Motion was pending before Judge Heartfield before referral to the undersigned Magistrate.

conflict of laws is inapplicable to this case. Accordingly, the Court need not consider this factor.

## CONCLUSION

After considering the FELA venue provision, 28 U.S.C. § 1404(a) and the relevant factors, this Court finds that Defendant Union Pacific has satisfied its burden in demonstrating that a transfer of venue is warranted. In reviewing the 1404(a) factors, the undersigned reiterates that in this case there is no factual nexus to Beaumont and that no parties reside in Beaumont. The relative weight of the factors lead the Court to conclude that the facts and context of this case substantially establish a greater nexus with the Western District of Louisiana than the Eastern District of Texas. This conclusion is in accordance with prior rulings of this district and the Fifth Circuit, discussed *supra*.

In the interests of convenience and justice, it is therefore **ORDERED** that Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED.** The District Clerk's office for the Eastern District of Texas is instructed that this case and all other relevant filings and pending motions thereto are hereby **TRANSFERRED** to the Western District of Louisiana, Lake Charles Division.