**Rock OVERSON and Cyndee Overson Plaintiffs,**

v.

**BERRYMAN PRODUCTS, et al Defendants.**

**No. CIV.A.2:06CV114(TJW).**

United States District Court, E.D. Texas, Marshall Division.

Nov. 6, 2006.

---

538

Jeffrey Roberts Allen, Shannon Gracey Ratliff & Miller, Arlington, TX, Kevin Allen Koudelka, Jones Carr McGoldrick, Vic Houston Henry, Henry Oddo Austin & Fletcher, Dallas, TX, Jesse R. Pierce, King & Spalding, Daniel Brady Shilliday, Vinson & Elkins, Ricky Anthony Raven, Lakesha Deneen Harris, Tye Conrad Hancock, Thompson & Knight, James Michael Riley, Jr., Coats Rose Yale Ryman & Lee, Robert Philip Scott, Sue D. Rosenthal, Abrams Scott & Bickley, Houston, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

WARD, District Judge.

Before the Court is Plaintiffs' Motion to Dismiss Defendant Canyon State Oil Company, Inc. (# 40) and Defendant CRC Industries, Inc.'s Request to Reconsider Motion to Transfer Venue (# 46). The Court has carefully considered the parties' written submissions and GRANTS the plaintiffs' motion to dismiss Canyon State Oil Company, Inc. and GRANTS Defendant CRC Industries, Inc.'s request to reconsider the defendants' joint motion to transfer venue. The Court now vacates that portion of its previous order (# 28) denying Defendants' Joint Motion to Transfer Venue (# 18). After careful reconsideration, Defendants' Joint Motion to Transfer Venue is GRANTED and it is ordered that this case be transferred to the District of Arizona for the reasons set forth in this opinion.

### I. Motion to Dismiss Canyon State Oil Company, Inc.

In the plaintiffs' first amended complaint, Canyon State Oil Company, Inc. ("Canyon") was added as a defendant. Canyon is an Arizona corporation headquartered in Phoenix, Arizona. If allowed

Collen Andrew Clark, The Clark Firm, Dallas, TX, Thomas E. Schwartz, Holloran Stewart & Schwartz, P.C., St. Louis, MO, for Plaintiffs.

to stand, the addition of Canyon would destroy diversity because the plaintiffs are also Arizona residents. The plaintiffs now request that Canyon be dismissed from the case. Rule 21 of the Federal Rules of Civil Procedure allows district courts to drop a dispensable nondiverse party at any time as long as it does not prejudice any of the parties. *Newman–Green, Inc. v. Alfonzo–Larrain, et al.*, 490 U.S. 826, 832, 838, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) Under federal law, joint tortfeasors are dispensable parties. *Highland Capital Management L.P. v. Schneider, et al.*, 198 Fed.Appx. 41, 44, 2006 WL 2382917, *2 (2d Cir.2006) (citing *Samaha v. Presbyterian Hosp. in New York*, 757 F.2d 529, 532 (2d Cir.1985) (*per curiam*)). Furthermore, none of the defendants have opposed this request. Therefore, the plaintiffs' motion is GRANTED and Canyon is dismissed from this case.

## II. Motion to Transfer Venue

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Initially, the court must determine whether jurisdiction would be proper in the district requested in the motion to transfer, specifically the District of Arizona. The parties do not dispute that jurisdiction would be proper in Arizona under Section 1391(a)(2) because Mr. Overson came into contact with the allegedly dangerous products while working in Arizona.

▮ The court now turns to "the convenience of the parties and witnesses." The convenience determination involves private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) The private factors are the following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and ma-

terial witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Corp.*, 90 F.Supp.2d 757, 771 (E.D.Tex.2000). The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

### A. Private Factors

#### 1. *Plaintiffs' Choice of Forum*

▮ The plaintiffs' choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003). The plaintiffs chose to bring their suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

#### 2. *The Convenience of the Parties and the Witnesses*

▮ The Court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pac. R.R. Co.*, 233 F.Supp.2d 828, 832 (E.D.Tex.2002). The defendants are incorporated or headquartered in various states, including Texas, Wisconsin, Ohio, Pennsylvania, and others. Therefore, the defendants will be inconvenienced regardless of whether the case is transferred to Arizona or remains in Texas. On the other hand, the plaintiffs reside in the state of Arizona. In the

Court's view, the convenience of the parties is neutral as to transfer.

 The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F.Supp.2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake,* 233 F.Supp.2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed,* 90 F.Supp.2d at 775 (quoting *Hupp v. Siroflex of America, Inc.,* 848 F.Supp. 744, 749 (S.D.Tex.1994)).

 In their moving papers, the defendants have listed several witnesses located in Arizona and have detailed the substance of their testimony. *Defendants' Joint Motion to Transfer Venue ("Defendants' Motion")* at 7–9. Although the defendants have not specifically identified all their key witnesses, they have specifically identified key medical witnesses located in Arizona. On the other hand, the plaintiffs argue that the more important witnesses are corporate representatives with knowledge of product formulation and testing. *Plaintiffs' Response to Defendants' Joint Motion to Transfer Venue ("Plaintiffs' Response")* at 2. However, the plaintiffs have not specifically identified any of these key witnesses. Assuming that these corporate witnesses do exist, they are likely located in the various states where the defendant corporations are located. Therefore, these corporate witnesses will be inconvenienced regardless of whether the case is transferred to Arizona or remains in Texas. In the Court's view, the convenience of the witnesses weighs in favor of transfer

### 3. *The Place of the Alleged Wrong*

The plaintiffs allege that Mr. Overson was exposed to benzene products in Arizona which caused his injuries. However, the plaintiffs argue that the products were manufactured outside of Arizona. *Plaintiffs' Response* at 3. Given that the exposure occurred in Arizona, this factor weighs in favor of transfer.

### 4. *The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process*

The defendants have identified several witnesses located in Arizona. *Defendants' Motion* at 7–8. The cost of obtaining the attendance of these witnesses would be lower if the case were transferred to Arizona than if it remained in Texas. However, there will also be party witnesses and expert witnesses located across the country who will be required to travel regardless of whether the case is in Arizona or in Texas. Therefore, the cost of obtaining the attendance of witnesses weighs slightly in favor of transfer.

The witnesses from Arizona would also not be subject to the compulsory process in Texas. However, there are also witnesses located across the country that would not be subject to the compulsory process in either Arizona or Texas. In the Court's view, the availability of compulsory process weighs slightly in favor of transfer.

### 5. *The Availability and Location of Sources of Proof*

The sources of proof for all the parties are located in several different states, including both Texas and Arizona. They can easily be sent to either Marshall, Texas or Arizona. The Court finds that this factor is neutral as to transfer.

### 6. The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F.Supp.2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002)). Because it is still early in the litigation, the plaintiffs would not be prejudiced by a transfer. *LeDoux v. Isle of Capri Casinos, Inc.*, 218 F.Supp.2d 835, 838 (E.D.Tex.2002). Therefore, this factor is neutral. *Id.*

### B. Public Interest Factors

#### 1. The Administrative Difficulties Caused by Court Congestion

The parties do not address this factor. Therefore, this factor is neutral as to transfer.

#### 2. The Local Interest in Adjudicating Local Disputes

Some, if not all, of the products involved in this dispute were manufactured and tested outside of Arizona. However, the defendants argue that Arizona would be more interested in resolving this dispute because all the significant events, including the actual exposure to the products, took place in Arizona. *Defendants' Motion* at 11. Again, in this chemical exposure case, the Court finds that this factor weighs in favor of transfer.

#### 3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The defendants argue that the citizens of Arizona would have more of an interest in this case because all the significant events took place in Arizona. *Defendants' Motion* at 11–12. The Court agrees, and finds that this factor weighs in favor of transfer.

#### 4. The avoidance of unnecessary problems in conflict of laws

The parties do not address this factor. However, there is a substantial likelihood that Arizona law will need to be applied to some, if not all, of the plaintiffs' products liability and negligence claims. The Court finds that this factor weighs in favor of transfer.

### III. Conclusion

The Court GRANTS the plaintiffs' motion to dismiss Canyon from this case. In addition, the Court has carefully reconsidered Defendants' Joint Motion to Transfer Venue. The defendants' motion is GRANTED. Accordingly, this case is transferred to the District of Arizona.